COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




SERGIO APORTELA,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-05-00396-CR



Appeal from the


384th District Court


of El Paso County, Texas 


(TC# 20030D04554) 



O P I N I O N


 Sergio Aportela appeals his conviction for the offenses of aggravated sexual assault of a
child by digital penetration and indecency with a child by touching. He brings us twenty-five
issues. We affirm in part and reverse and render in part.

 The complainant's mother and Appellant had known each other for many years as a result
of his friendship with her brother. At some point, they became romantically involved. In 1998,
Appellant moved into complainant's home located in Canutillo, Texas.

 On June 28, 2003, complainant's mother arrived home from work at approximately 10
p.m. and went to bed at approximately 12 a.m. As a result of sleep apnea, complainant's mother
used a machine to help her sleep which required that she wear a nasal mask. According to
complainant's mother, Appellant would usually stay up after she went to sleep. When asked
during her testimony, she could not remember if Appellant ever came to bed that evening. The
next morning, she awoke at approximately 7 a.m. to find the door to her bedroom closed. 
According to her testimony, she always left her door open so that she could listen to her children
and it was open when she went to bed.

 On the morning of the incident, complainant's mother got out of bed, stopped by the
bathroom and proceeded to the kitchen. When she entered the kitchen, she saw Appellant lying
on the floor covered by a blanket. When she walked toward Appellant, he rolled over and
"moved his hand." When he did so, complainant got up from underneath the blanket and started
walking towards her, "talking to [her], trying to distract [her]." She attempted to confront
Appellant, but he would not respond to her questions. After attempting to confront Appellant,
complainant's mother went to her daughter's room to speak to her about what had occurred.

 Complainant testified that Appellant first sent her younger brother outside to water the
trees. Appellant then told her to lock the door. She testified that Appellant told her to lay on the
floor next to him. When she did so, Appellant put a blanket over her and began "putting his
fingers all over [her] legs." Shortly thereafter, complainant's mother came out of her room. 
After the incident, Appellant left the home at the insistence of complainant's mother. On
June 30, 2003, Deputy Marc David Graham, with the El Paso County Sheriff's Office, took a
statement from complainant's mother. After receiving the complaint, Deputy Graham was
instructed to contact the Criminal Investigation Division ("CID") and refer the matter to
Detective Rebecca Mietlinski. Complainant was interviewed by Detective Mietlinski and as a
result of the interview, a warrant was issued for Appellant's arrest.

 On July 3, 2003, Deputy Michael P. Gonzales, also with the El Paso Sheriff's Office, was
dispatched to complainant's home. When Deputy Gonzales arrived, he detained Appellant and
contacted CID. He was instructed to detain Appellant and ultimately to transport him downtown
in order to meet with Detective Mietlinski. Appellant was arrested and booked into the El Paso
County Detention Facility.

 Appellant was charged by indictment with four counts, two counts of aggravated sexual
assault of a child and two counts of indecency with a child. Count one alleged that Appellant
penetrated the complainant's anus with his penis and count two alleged that appellant penetrated
the complainant's sexual organ with his finger. Count three alleged that Appellant touched the
complainant's genitals with the intent to arouse or gratify his sexual desire and count four alleged
that Appellant touched the complainant's breast with the intent to arouse or gratify his sexual
desire.

 Appellant entered a plea of not guilty on each count. At trial, complainant testified that
the abuse had been ongoing for several years. She testified that Appellant would "stick his
fingers into [her] . . . front private part" and that it was painful. When asked how many times
Appellant had done this to her, she stated "less than ten times" but it started when she was
approximately twelve years' old. Complainant also stated that Appellant would "make [her]
bend over, and he would stick his private part into [her] behind." Complainant testified that
Appellant had done this somewhere between ten to twenty times and that it was very painful. 
According to complainant, Appellant would make her take a shower and threatened her about
talking to anyone after each incident. After hearing the evidence presented, the jury returned two
guilty verdicts, one for aggravated sexual assault of a child by digital penetration and one for
indecency with a child by touching complainant's genitals. The jury assessed punishment at fifty
years' confinement for aggravated sexual assault of a child and ten years' confinement for
indecency with a child, to be served in the Institutional Division of the Texas Department of
Criminal Justice. Appellant timely filed his notice of appeal and the trial court certified his right
of appeal.

 In Issue One, Appellant argues the trial court erred in admitting evidence of extraneous
offenses because the State did not give notice as required by the court's discovery order and the
Texas Code of Criminal Procedure art. 37.07(3)(g). In his brief, he admits that "Defense Counsel
never objected as to lack of notice; never requested limiting instructions; never requested an
election; ETC." It appears he is attempting to argue that his motion in limine and agreement with
the State to approach the bench sufficiently preserved error. We must disagree.

 To preserve a complaint for appellate review requires a party to raise a timely, specific
objection at trial and obtain an adverse ruling. See Tex.R.App.P. 33.1(a). Failure to do so
waives any complaint on appeal. Id. Here, when the alleged extraneous offense evidence was
presented at trial, Appellant remained silent. To the extent, Appellant is arguing that his motion
in limine preserved error, when the trial court grants a motion in limine but evidence is presented
without objection, no error is preserved. Wilkerson v. State, 881 S.W.2d 321, 326
(Tex.Crim.App. 1994); Knox v. State, 934 S.W.2d 678, 687 (Tex.Crim.App. 1996). Issue One is
overruled.

 Issues Two, Three, and Four are related and are considered together. In Issue Two,
Appellant argues that he was entitled to a jury instruction which explained that extraneous
offenses can only be considered for limited purposes. In Issues Three and Four, Appellant argues
that he was entitled to an instruction during the guilt/innocence and punishment phases of the
trial which explained that the State needed to prove the extraneous offenses were committed
beyond a reasonable doubt before the jury could consider them.

 The first step in analyzing a jury charge issue is to determine whether error exists. Ngo v.
State, 175 S.W.3d 738, 743 (Tex.Crim.App. 2005); Almanza v. State, 686 S.W.2d 157, 171
(Tex.Crim.App. 1984)(Opin. on reh'g). If error exists, we must then analyze that error for harm. 
Ngo, 175 S.W.3d at 743. The degree of harm necessary for reversal depends on whether the
appellant preserved the error by objection. Id. When the defendant fails to object, as here, we
will not reverse for jury-charge error unless the record shows "egregious harm" to the defendant. 
Id. at 743-44. Errors that result in egregious harm are those that affect "'the very basis of the
case,'" "'deprive the defendant of a valuable right,'" or "'vitally affect a defensive theory.'" Id. at
750, citing Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996).

 In this case, Appellant points to complainant's testimony that Appellant put his fingers
"inside" her "less than ten times" and her testimony that Appellant engaged in anal intercourse
with her "in between" ten to twenty times. Relying on Rodriguez v. State, 104 S.W.3d 87, 90
(Tex.Crim.App. 2003), the State responds that the complained-of testimony was not extraneous
offense evidence but simply evidence of multiple occurrences of the acts alleged in the
indictment. We believe the State is correct.

 In Rodriguez, the defendant was charged with delivering a controlled substance to a
minor. Id. at 88. The witness for the State testified that the appellant delivered cocaine to her
"'maybe 20 or 30 times'" during the nine-month period preceding the date alleged in the
indictment. Id. at 91. The Court of Criminal Appeals held that the complained-of testimony was
not extraneous offense evidence and the proper remedy would be to require the State to elect
which occurrence it sought to rely on for conviction. Rodriguez, 104 S.W.3d at 88. Absent an
election, a defendant benefitted because the State could not prosecute later for any separate acts
of misconduct upon which the jury could have convicted him. Id.

 Here, the complained of testimony was not extraneous offense evidence, rather, it was
multiple occurrences of acts alleged in the indictment. Accordingly, Appellant was not entitled
to a limiting instruction or an instruction during either the guilt/innocence phase or the
punishment phase of the trial indicating that the State needed to prove the extraneous offenses
beyond a reasonable doubt. Because we find the trial court did not err in refusing to submit the
requested instructions, we do not address harm. Abdnor v. State, 871 S.W.2d 726 731-32
(Tex.Crim.App. 1994). Issues Two, Three, and Four are overruled.

 Issues Five, Six, Seven, Eight, and Nine are related, and they will be addressed together. (1) 
In Issues Five, Six, and Seven, Appellant argues the trial court erred in not requiring the State to
elect which four of the "several offenses in evidence" the State was proceeding on to prove the
offenses charged in the indictment. In addition, in Issues Eight and Nine, Appellant argues that
his right to a unanimous verdict was abridged when the trial court did not require the State to
elect which offenses it was relying on to prove the offenses as charged in the indictment.

 As it relates to Issues Five, Six, and Seven, if there is evidence of two or more acts of
misconduct, each of which is an offense for which the defendant may be convicted, the State is
required to elect which act it will rely upon to secure a conviction only if the defendant requests
an election. Hendrix v. State, 150 S.W.3d 839, 852 (Tex.App.--Houston [14th Dist.] 2004, pet.
ref'd). Failure to request an election results in waiver. See Ngo, 175 S.W.3d at 749 n.43; 
Hendrix, 150 S.W.3d at 852. Here, Appellant never requested that the State elect which separate
occurrence it was relying upon for a conviction. Therefore, Issues Five, Six, and Seven are
overruled.

 As for Issues Eight and Nine, under the heading "Unanimous Jury," Appellant's entire
argument consists of "[l]etting the Jury deliberate on a multitude of acts increases the chance that
individual jurors may consider completely different acts proved and thus not be factually
unanimous." Appellant cites to no authority and makes no attempt at substantive analysis but
simply concludes that letting the jury consider multiple acts may result in the verdict that is not
unanimous. A brief lacking substantive analysis or citation to legal authority is inadequate and
presents nothing for review. See Tex.R.App.P. 38.1(h). In any event, this is not an instance
where a defendant was charged with a crime and the jury was allowed to consider separate acts to
prove its commission (i.e., touching the breast or genitals). Rather, here there were multiple
instances of the same act. See Ngo, 175 S.W.3d at 747-48; Francis v. State, 36 S.W.3d 121,
124-25 (Tex.Crim.App. 2000); see also Martinez v. State, 212 S.W.3d 411 (Tex.App.--Austin
2006, pet. ref'd). Issues Eight and Nine are overruled.

 In Issues Ten and Eleven, Appellant argues the State committed misconduct by
introducing extraneous offense evidence without notice and without approaching the bench. In
Issue Twelve, Appellant argues that he was denied due process by the State's introduction of
extraneous offense evidence without notice or any attempt by the State to differentiate between
offenses.

 None of these complaints were raised at trial. As we have stated before, to preserve a
complaint for Appellate review requires a timely, specific objection at trial and an adverse ruling. 
See Tex.R.App.P. 33.1(a). Even claims of prosecutorial misconduct may be waived absent an
objection on that basis. See Perkins v. State, 902 S.W.2d 88, 96 (Tex.App.--El Paso 1995, no
pet.). Because Appellant never raised the alleged prosecutorial misconduct or objected to the
introduction of the alleged extraneous offense evidence at trial, he has waived this complaint. 
See also Taylor v. State, 148 S.W.3d 592, 596 (Tex.App.--Fort Worth 2004, pet. ref'd)(claim that
defendant was denied right to fair trial when prosecutor introduced facts underlying prior
conviction without notice not preserved for review absent an objection). In addition, we have
already determined that the evidence Appellant complains of is not extraneous offense evidence. 
See Rodriguez, 104 S.W.3d at 91. Issues Ten, Eleven, and Twelve are overruled.

 In Issues Thirteen and Fourteen, Appellant argues that the evidence was legally and
factually insufficient to support the conviction for aggravated sexual assault of a child. In Issues
Sixteen and Seventeen, Appellant argues the evidence was legally and factually insufficient to
support the conviction for indecency with a child. In one paragraph of argument, Appellant's
legal and factual sufficiency points relate solely to the alleged failure of the State to prove that he
committed the charged offenses on the date as alleged in the indictment by the testimony of
complainant presented at trial.

 According to Appellant, the State never proved a specific instance of conduct because
"[t]he victim testified that 'something' had occurred 'two or three weeks before,' but did not
specify what happened." Further, Appellant argues the complainant admitted that nothing had
occurred on the date as alleged in the indictment. While not entirely clear, we construe
Appellant's argument as contending there was insufficient evidence to show that he committed
the charged offenses on the date as alleged in the indictment.

 In reviewing the legal sufficiency of the evidence, we must view the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509
(Tex.Crim.App. 2005). More particularly, sufficiency of the evidence should be measured by the
elements of the offense as defined by the hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). The trier of fact is the sole judge of the
weight and credibility of the evidence. Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App.
2000). In conducting our review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder. King v. State, 29 S.W.3d 556,
562 (Tex.Crim.App. 2000); Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). Any
inconsistencies in the evidence are resolved in favor of the verdict. Curry v. State, 30 S.W.3d
394, 406 (Tex.Crim.App. 2000).

 In addressing a factual insufficiency complaint, we view all the evidence in a neutral
light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Clewis v.
State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Evidence is factually insufficient if it is so
weak that it would be clearly wrong and manifestly unjust to allow the verdict to stand, or the
finding of guilt is against the great weight and preponderance of the available evidence. 
Johnson, 23 S.W.3d at 11. Therefore, the question we must consider is whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the fact finder's determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary proof. See id. In
performing this review, we are to give due deference to the fact finder's determinations. See
Johnson, 23 S.W.3d at 8-9; Clewis, 922 S.W.2d at 136. The fact finder is the judge of the
credibility of the witnesses and may "believe all, some, or none of the testimony . . . ." 
Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). Consequently, we may find the
evidence factually insufficient only where necessary to prevent a manifest injustice from
occurring. See Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App.
1997).

 We note first that the State is not bound by the date alleged in the indictment if it alleges
that an offense occurred "on or about" a particular date. Garcia v. State, 981 S.W.2d 683, 685
(Tex.Crim.App. 1998). The State may prove any offense of the type alleged if it predates the
presentment of the indictment and is within the period covered by the applicable statute of
limitations. Wright v. State, 28 S.W.2d 526, 532 (Tex.Crim.App. 2000); see also Cabral v. State,
170 S.W.3d 761, 764 (Tex.App.--Fort Worth 2005, pet. ref'd). Here the record indicates that
complainant was approximately thirteen years' old prior to the June 29, 2003, date alleged in the
indictment. (2) The indictment was presented against Appellant on September 24, 2003. The
applicable statute of limitations for either sexual assault of a child or indecency with a child
under the age of fourteen is ten years after the victim's eighteenth birthday. See Tex.Code
Crim.Proc.Ann. art. 12.01(5)(A), (B)(Vernon Supp. 2006). The complainant testified at trial:

 Q: [Complainant], lets go back. You said the defendant put his fingers into
you?


 A: Yes.


 Q: Where did he exactly put his fingers?


 A: In my front private part?


 Q: In your what?


 A: The front.


 Q: Can you show us? Can you stand up and show us where?


 A: He would insert his fingers right here (indicating).


 MS. WYATT: May the record reflect that the witness is
identifying her genital area?


 THE COURT: Proceed.


 Q: (BY MS. WYATT) For clarification, did the defendant actually put his
fingers into you or just touch you?


 A: Inside.


. . .



 Q: How many times did the defendant do that with you?


 A: About maybe--


 Q: Speak up.


 A: Less than ten times.


 Q: When did he start doing that?


. . .



 A: About maybe 12.


Complainant's testimony clearly shows that the offenses occurred prior to the presentment of the
indictment and within the period covered by the applicable statute of limitations. Accordingly,
we conclude the evidence was both legally and factually sufficient. Issues Thirteen, Fourteen,
Sixteen, and Seventeen are overruled. (3)

 In Issue Nineteen, Appellant contends his convictions for aggravated sexual assault of a
child by digital penetration and indecency with a child by touching violate the constitutional
guarantee against double jeopardy. The Double Jeopardy Clause protects against a second
prosecution for the same offense following a conviction, a second prosecution for the same
offense following an acquittal, and multiple punishments for the same offense. Cervantes v.
State, 815 S.W.2d 569, 572 (Tex.Crim.App. 1991). Here, Appellant did not raise this issue in
the trial court. Generally, to preserve a double jeopardy claim on appeal, a defendant must have
objected at trial. Gonzalez v. State, 8 S.W.3d 640, 642 (Tex.Crim.App. 2000); Cabral, 170
S.W.3d at 764. A double jeopardy claim, however, may be raised for the first time on appeal
when the double jeopardy violation is apparent from the face of the record. Gonzalez, 8 S.W.3d
at 643.

 Appellant argues that the "evidence before us gives no instance where digital contact
occurred in the absence of digital penetration." We agree. The only sexual contact supporting
the conviction for sexual assault by digital penetration shown by the evidence was the following
testimony:

 Q: [Complainant], lets go back. You said the defendant put his fingers into
you?


 A: Yes.


 Q: Where did he exactly put his fingers?


 A: In my front private part?


. . .



 Q: (BY MS. WYATT) For clarification, did the defendant actually put
his fingers into you or just touch you?


 A: Inside.


. . .



 Q: Did the defendant ever touch you on your genitals prior to that day?


 A: No.


 Q: I'm sorry. Before that, back in the past?


 A: Oh, yes.


 Q: Okay. How about your breasts?


 A: Yes.


 Q: Your anus?


 A: Yes.


 Q: What all did the defendant insert into your vagina?


 A: His fingers.


 The State argues that complainant's testimony indicates separate acts wherein Appellant
touched complainant's genitals without digital penetration. We disagree. We can find no clear
testimony by complainant wherein she indicated that Appellant committed the offense of
indecency by touching the genitals as alleged in the indictment separate and apart from
committing the sexual assault by digital penetration. Accordingly, we conclude that the double
jeopardy violation is apparent from the face of the record. Based on the testimony presented at
trial, we find that the indecency by touching was incident to and subsumed by the aggravated
sexual assault by digital penetration. See Patterson v. State, 96 S.W.3d 427, 432-33 (Tex.App.--Austin 2002), aff'd, 152 S.W.3d 88 (Tex.Crim.App. 2004). Issue Nineteen is sustained.

 When a defendant is convicted of two offenses in violation of the double jeopardy
guarantee, the proper remedy is to set aside the conviction for the offense carrying the less
serious punishment. Id. at 433, citing Landers v. State, 957 S.W.2d 558, 560 (Tex.Crim.App.
1997). Accordingly, we reverse Appellant's conviction for indecency with a child by contact. (4)

 We next address Issues Twenty-one, Twenty-two, Twenty-three, and Twenty-four. (5) In
Issue Twenty-one, Appellant argues the trial court erred in failing to grant a mistrial when
complainant began crying during final argument. In Issues Twenty-two and Twenty-three,
Appellant argues that he was deprived of due process of law when complainant began to cry in
the courtroom during final argument, and in Issue Twenty-four, he frames the same complaint as
a denial of a fair and impartial jury. (6)

 We review a trial court's ruling on a motion for mistrial for an abuse of discretion. See
Trevino v. State, 991 S.W.2d 849, 851 (Tex.Crim.App. 1999). Conduct that interferes with the
normal proceedings of a trial will not result in reversible error unless the defendant shows, by
reasonable probability, that the conduct interfered with the jury's verdict. Landry v. State, 706
S.W.2d 105, 112 (Tex.Crim.App. 1985). This determination is made on a case-by-case basis. Id.
Here, defendant argues that the complainant crying during the State's closing argument interfered
with the jury's verdict, however, he makes no attempt to show how. Appellant merely concludes
that "[t]he impact of the tears of a young alleged victim in a final argument where her emotions
or lack thereof had been made an issue must be see (sic) as highly prejudicial . . . ." The record
in this case contains no evidence that the jurors were influenced by complainant crying during the
closing of the State. See Alfaro v. State, 224 S.W.3d 426, 432-33 (Tex.App.--Houston [1st Dist.]
2006, no pet.). Because Appellant has failed to demonstrate how complainant's crying affected
the jury's verdict, we cannot conclude the trial court erred in overruling his motion for a
mistrial. (7) Issues Twenty-one, Twenty-two, Twenty-three, and Twenty-four are overruled.

 In Issue Twenty-five, Appellant argues that he was denied effective assistance of counsel. 
Specifically, Appellant complains that his trial counsel was ineffective: (1) for allowing the State
to introduce "20 to 30 offenses" rather than simply one instance of each count as alleged in the
indictment; (2) for failing to request an instruction stating that extraneous offense evidence
"could not be used to prove the offenses in the indictment, but could only be used for whatever
limited purposes they were introduced . . ."; and (3) for failing to require the State to elect "which
of the twenty-thirty (sic) offenses that it was proceeding on."

 We review claims of ineffective assistance of counsel under the two-prong test set out by
the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984). Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). To prevail on an
ineffective assistance claim, the appellant must first show that counsel's performance was
deficient, that is, counsel's representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S.Ct. at 2064; Tong, 25 S.W.3d at 712. In addition, the
appellant must show that counsel's deficient performance prejudiced his defense. Strickland,
466 U.S. at 687, 104 S.Ct. at 2064; Tong, 25 S.W.3d at 712. This requires the appellant to show
there is a reasonable probability that but for counsel's unprofessional errors, the result of the
proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Tong, 25
S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in
the outcome. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Tong, 25 S.W.3d at 712.

 In reviewing claims of ineffective assistance, we indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance. Tong, 25
S.W.3d at 712. To prevail, the appellant must rebut the presumption that the challenged conduct
might be considered sound trial strategy. Id. Without evidence of the strategy involved
concerning counsel's actions at trial, the reviewing court will presume sound trial strategy. 
Rylander v. State, 101 S.W.3d 107, 111 (Tex.Crim.App. 2003). Ultimately, Appellant bears the
burden of proving ineffective assistance by a preponderance of the evidence. Thompson v. State,
9 S.W.3d 808, 813 (Tex.Crim.App. 1999); Bradley v. State, 960 S.W.2d 791, 804
(Tex.App.--El Paso 1997, pet. ref'd).

 Any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated
in the record. Thompson, 9 S.W.3d at 813. In the majority of instances, an appellant cannot
rebut the presumption of reasonable assistance because the record on direct appeal is simply
undeveloped and does not adequately reflect the failings of trial counsel. Id. at 813-14. A silent
record that provides no explanation for counsel's actions will not ordinarily overcome the strong
presumption of reasonable assistance. See Rylander, 101 S.W.3d at 110-11. Indeed, an appellate
court should not declare trial counsel ineffective without a record showing counsel had some
opportunity to explain, absent conduct "so outrageous that no competent attorney would have
engaged in it." Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005), citing Garcia
v. State, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001). Here, the record is silent as to trial
counsel's explanation for his actions. Accordingly, Appellant has failed to overcome the
presumption of reasonable assistance. See Rylander, 101 S.W.3d at 110-11. Issue Twenty-five
is overruled.

 The judgment of conviction for indecency with a child by contact is reversed and a
judgment of acquittal is rendered. The judgment of conviction for aggravated sexual assault of a
child by penetration is affirmed.




September 6, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. In Issues One through Nine, Appellant merely lumps all of his issues under six different
headings in what constitutes approximately four pages of argument. We have attempted to
separate his issues and have addressed them accordingly.
2. Complainant was born on July 10, 1989.
3. In Issues Fifteen and Eighteen, Appellant argues he was denied due process of law under
the U.S. Constitution because no rational fact finder could have found guilt beyond a reasonable
doubt of either the charge of aggravated sexual assault of a child or indecency with a child. 
However, Appellant did not raise this objection at trial nor did he address either issue in the body
of his brief. Accordingly, Issues Fifteen and Eighteen are overruled.
4. Because we have sustained Appellant's Issue Nineteen and reversed his conviction for
indecency by contact, we do not address Issue Twenty in which Appellant argues that his
conviction for indecency by touching is prohibited by statutory construction given his conviction
for aggravated sexual assault.
5. Appellant again lumps these four issues into one section and makes no attempt to
distinguish between the four in his argument.
6. Issues Twenty-two, Twenty-three, and Twenty-four are essentially the same complaint.
7. We point out that Appellant never made a specific objection or requested an instruction
to disregard, instead requesting only a mistrial. A motion for mistrial alone can preserve error
only if the error was such that an instruction to disregard could not have cured the prejudice to
the defendant. Some of our sister courts have held that failure to request an instruction to
disregard results in waiver. See Alfaro, 224 S.W.3d at 433.