NUMBER 13-06-00202-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

MANUEL GONZALEZ SOTO, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 398th District Court of Hidalgo County, Texas.


 


O P I N I O N



Before Justices Yañez, Rodriguez, and Vela


Opinion by Justice Yañez
 

 A jury convicted appellant, Manuel Gonzalez Soto, of aggravated sexual assault of
a child (1) (Count 1), indecency with a child by contact (2) (Count 2), and indecency with a child
by exposure (3) (Count 3). The jury assessed punishment at ninety-nine years' imprisonment
on Count 1, twenty years on Count 2, and ten years on Count 3, to be served concurrently. 
By six issues, appellant contends (1) the trial court erred in admitting certain evidence, over
his objections (issues one through three); (2) the evidence is legally and factually
insufficient to support his convictions for Count 1, paragraph three, and Count 2,
paragraphs one and two (issue four); (3) the jury charge erroneously permitted the jury to
convict him on less than a unanimous verdict on Counts 1 and 2 (issue five); and (4) the
trial court erred in instructing the jury regarding his eligibility for parole (issue six). 

 We sustain appellant's fifth issue, and hold that (1) the jury charge erroneously
permitted a conviction on a less-than-unanimous verdict on the alternative paragraphs
alleged in Counts 1 and 2 and appellant was egregiously harmed by the error; and (2) on
remand, the evidence is legally insufficient to support paragraph three of Count 1--that
appellant digitally penetrated the victim's sexual organ. As a result of the non-unanimous
verdict error in Counts 1 and 2, we cannot determine whether the jury erroneously relied
on conduct subsumed within offenses charged in Counts 1 and 2 in convicting appellant
in Count 3. We reverse appellant's convictions on all three counts and remand the cause
for a new trial. 

I. Background 


 Appellant is the uncle of A.R., the ten-year-old female victim. (4) A.R. testified that the
offenses at issue occurred at her home in McAllen, where she lives with her mother, older
brother, and older sister. (5) At the time of the incident, A.R.'s mother was in the hospital. 

A.R.'s maternal grandmother, who lived with appellant in Reynosa, Mexico, was at the
house. Appellant and several other relatives came to the house for a short visit.

 A.R. testified that when she came out of the bathroom in her mother's bedroom,
appellant was in the bedroom. He forced her to rub his penis, put his penis in her mouth,
and touched her "chest." When he stopped, A.R. went to her room, but appellant followed
a few minutes later. In A.R.'s bedroom, appellant again put his penis in her mouth. She
testified that through her clothing, he touched her chest, butt, and "middle part" with his
hand. (6) She also stated he touched her butt with his exposed penis.

 A.R.'s mother testified that when she returned home from the hospital, she noticed
adverse changes in A.R.'s behavior: frequent crying, inability to sleep, and nightmares. 
A.R.'s mother took A.R. to Mujeres Unidas, a center for victims of family violence, for
counseling. A.R.'s mother was present when A.R. told the counselor what had happened. 
The counselor notified the McAllen Police Department and accompanied A.R. and her
mother to the hospital. At the hospital, A.R. was interviewed by Officer Eliezer Saldana
and examined by Lorenza Guerrero, a sexual assault nurse examiner. 

 Sandra Orta, an investigator for Child Protective Services, testified that a couple of
months after the incident, A.R. was interviewed by a forensic interviewer at the Children's
Advocacy Center. Ms. Orta observed the interview, which was videotaped. 

 Officer Jose Buitron, an investigating police officer assigned to the case, testified
that he was present when A.R. was interviewed at the Children's Advocacy Center. He
also interviewed A.R.'s mother, who provided additional information regarding appellant. 
A.R.'s mother provided Officer Buitron with photographs of appellant, a description of his
vehicle, and information about monthly trips he made from Reynosa to the post office in
Hidalgo, Texas. In early December, Officer Buitron encountered appellant at the Hidalgo
post office and advised him he had been accused of aggravated sexual assault. Appellant
denied the allegations and agreed to come to the police station for questioning. Appellant
was Mirandized (7) and provided a statement. Shortly thereafter, appellant was arrested. In
the course of Officer Buitron's investigation, he also interviewed A.R.'s grandmother,
mother, and brother. 

II. Legal Sufficiency of the Evidence 


 In his fourth issue, appellant contends, in part, that the evidence is legally
insufficient to support his convictions for (1) Count 1, paragraph three (that he committed
aggravated sexual assault by digital penetration of A.R.'s sexual organ); (2) Count 2,
paragraph one (that he committed indecency with a child by contact by touching A.R.'s
genitals); and (3) Count 2, paragraph two (that he committed indecency with a child by
contact by touching A.R.'s breast). We address this part of appellant's fourth issue first
because it could afford him the most relief. (8) 

A. Standard of Review and Applicable Law 


 Evidence is legally insufficient if, when viewed in a light most favorable to the
verdict, a rational jury could not have found each element of the offense beyond a
reasonable doubt. (9) The jury is the exclusive judge of the credibility of witnesses and of the
weight to be given testimony, and it is also the exclusive province of the jury to reconcile
conflicts in the evidence. (10) Thus, when performing a legal-sufficiency review, we may not
re-evaluate the weight and credibility of the evidence and substitute our judgment for that
of the fact finder. (11) We must resolve any inconsistencies in the testimony in favor of the
verdict. (12) 

 The legal sufficiency of the evidence is measured against the elements of the
offense as defined by a hypothetically correct jury charge for the case. (13) Such a charge
would be one that accurately sets out the law, is authorized by the indictment, does not
unnecessarily restrict the State's theories of liability, and adequately describes the
particular offense for which the defendant was tried. (14)

 The testimony of a child sexual abuse victim alone is sufficient to support a
conviction for indecency with a child or aggravated sexual assault. (15) Courts give wide
latitude to testimony given by child victims of sexual abuse. (16) The victim's description of
what happened to her need not be precise, and she is not expected to express herself at
the same level of sophistication as an adult. (17) There is no requirement that the victim's
testimony be corroborated by medical or physical evidence. (18) The requisite specific intent
for indecency with a child by contact can be inferred from the defendant's conduct and
remarks and all the surrounding circumstances. (19) 

 To establish appellant's guilt as to Count 1, paragraph three (aggravated sexual
assault by digital penetration), the State was required to prove that appellant (1)
intentionally and knowingly (2) caused his finger to penetrate A.R.'s sexual organ, and (3)
A.R. was a child under fourteen years old. (20) As to Count 2, paragraph one (indecency with
a child by contact), the State was required to prove that appellant (1) engaged in sexual
contact with A.R. by touching A.R.'s genitals (2) with the intent to arouse or gratify
appellant's sexual desire, and (3) A.R. was a child younger than seventeen years old and
not appellant's spouse. (21) As to Count 2, paragraph two (indecency with a child by contact),
the State was required to prove that appellant (1) engaged in sexual contact with A.R. by
touching A.R.'s breast (2) with the intent to arouse or gratify appellant's sexual desire, and
(3) A.R. was a child younger than seventeen years old and not appellant's spouse. (22) 

B. Discussion 


 In its brief, the State "candidly acknowledge[s] that the evidence in this case does
not support the allegation that Appellant had penetrated the victim's sexual organ with his
finger [as] alleged in Paragraph Three of Count One of the indictment in this case." We
agree. We therefore conclude the evidence is legally insufficient to establish that appellant
caused his finger to penetrate A.R.'s sexual organ as alleged in Count 1, paragraph three
of the indictment. (23) We sustain that portion of appellant's fourth issue as it relates to the
legal sufficiency of Count 1, paragraph three. 

 With regard to appellant's challenge to the legal sufficiency of the evidence that he
committed indecency with a child by touching A.R.'s genitals and breast, as alleged in
Count 2, paragraph one, and Count 2, paragraph two respectively, A.R. testified that
appellant touched her "middle part" with his hand. She also testified that she placed "Xs"
on a drawing of a young female body to demonstrate where appellant touched her. (24) On
the frontal view of the drawing, A.R. placed an "X" on the female genital area, which is
marked "middle part," and on the left breast, which is marked "chest." A.R. also used
anatomically correct dolls to demonstrate to the jury that appellant touched her on her
"chest." A.R. testified she was eleven years old at the time of trial and identified appellant
as her uncle. Lorenza Guerrero, a sexual assault nurse examiner that examined A.R.,
testified that A.R. told her appellant had touched her in the genital area and had rubbed
his penis on her "vaginal area." 

 With regard to the evidence that he touched part of A.R.'s genitals, appellant
complains that the drawing on Exhibit 3 is "imprecise," and thus does not show with
specificity "what part of the child was actually touched." He also complains that A.R. did
not clarify what she meant by "middle part," and that Nurse Guerrero did not clarify what
she meant by "genital area." As to the evidence that he touched A.R.'s breast, appellant
cites Nelson v. State (25) in support of his argument that a child's testimony that she was
touched on the "chest" is insufficient to support an allegation that an accused touched a
victim's "breasts." (26) 

 We disagree with appellant's arguments. Texas courts have found evidence
sufficient to support a conviction for indecency with a child regardless of the
unsophisticated language that the child uses. (27) A.R.'s testimony and identification of
Exhibit 3 as reflecting the places she was touched by appellant were sufficient to establish
the sexual touching element of both offenses as alleged in Count 2, paragraphs one and
two. We also reject appellant's reliance on Nelson. Unlike in Nelson, A.R. identified
Exhibit 3, with an "X" over the female breast, as reflecting where appellant touched her. 

 The jury could infer from the totality of appellant's conduct that touching A.R.'s
breast and genital area was done with the intent to arouse and gratify his sexual desire. 
Viewing the evidence in the light most favorable to the jury's verdict, we find that there was
evidence upon which a rational trier of fact could have found the essential elements of
indecency with a child, as alleged in Count 2, paragraphs one and two, beyond a
reasonable doubt. (28) We overrule appellant's fourth issue as it relates to legal sufficiency
of the evidence to support Count 2, paragraphs one and two. (29)

III. Non-unanimous Verdict


 By his fifth issue, appellant contends the trial court erred by failing to instruct the jury
that it must unanimously agree as to the alternative paragraphs alleged in Count 1
(aggravated sexual assault of a child) and Count 2 (indecency with a child by contact). The
State concedes that the trial court erred in submitting separate offenses in Counts 1 and
2 in the disjunctive, without requiring a unanimous verdict, but contends that appellant was
not egregiously harmed by the error. We agree with the State that the trial court erred, but
conclude that appellant suffered egregious harm from the error.

A. Standard of Review


 An appellate court's "first duty" in analyzing a jury charge issue is "to decide whether
error exists." (30) If error is found, the degree of harm necessary for reversal depends on
whether the appellant preserved the error by objection. (31) If the defendant properly objected
to the erroneous jury charge, reversal is required if we find "some harm" to the defendant's
rights. (32) However, if the defendant did not object or stated that he had no objection to the
jury charge, we may only reverse if the record shows egregious harm. (33) 

 To determine whether a defendant has sustained egregious harm from an
instruction to which he did not object, we consider (1) the entire charge; (2) the state of the
evidence, including contested issues; (3) arguments of counsel; and (4) any other relevant
information. (34) "Errors that result in egregious harm are those that affect 'the very basis of
the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" (35)
Egregious harm is a difficult standard to meet and must be determined on a case-by-case
basis. (36) An Almanza harm analysis is conducted without placing any burden of proof or
persuasion on either the defendant or the State. (37)

B. Applicable Law


 If the State wishes to allege multiple statutory offenses in a single indictment, it
should set out each separate offense in a separate count. (38) Paragraphs within a single
count should be used to allege different methods of committing the same statutory
offense. (39)

 When the State charges an individual with different criminal acts, regardless of
whether they constitute violations of the same or different statutory provisions, the jury
must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon
the commission of any one of these criminal acts. (40) "Unanimity in this context means that
each and every juror agrees that the defendant committed the same, single, specific
criminal act." (41) "The question of what a jury must be unanimous about is determined by
the legislative intent of the applicable statute." (42) "[C]harging a jury disjunctively on separate
offenses involving separate incidents does violate the unanimity requirement." (43)

 In Vick v. State, the court of criminal appeals concluded that aggravated sexual
assault, as defined in section 22.021(a)(1)(B) of the penal code, is a conduct-oriented
offense that criminalizes separate and distinct acts of commission. (44) The court explained
that "[a]n offense is complete when a person commits any one of the proscribed acts." (45) 
Thus, the court concluded that "each separately described conduct constitutes a separate
statutory offense." (46) 

 Similarly, in Pizzo v. State, the court of criminal appeals recently held
that the offense of indecency with a child by contact is a conduct-oriented
offense. "Sexual contact" . . . criminalizes three separate types of
conduct--touching the anus, touching the breast, and touching the genitals
with the requisite mental state. Therefore, each act constitutes a different
criminal offense and juror unanimity is required as to the commission of any
one of these acts. (47) 

C. Analysis


1. The Charge 


 Having concluded that the court's charge was erroneous, we turn to whether
egregious harm resulted from the error, sufficient to require reversal. We first evaluate the
jury charge as a whole.

 The application portion of the charge was divided into separate paragraphs. As to
count one, aggravated sexual assault of a child, the charge instructed the jury: (48) 

Now, if you find from the evidence beyond a reasonable doubt that . . . the
defendant . . . intentionally or knowingly cause[d] his sexual organ to contact
the mouth of [the victim], . . . or . . . intentionally or knowingly cause[d] his
sexual organ to penetrate the mouth of [the victim], . . . or . . . intentionally
or knowingly cause[d] his finger to penetrate the sexual organ of [the victim],
. . . then you will find the defendant guilty of the offense of aggravated
sexual assault as charged in the indictment. 

As to count two, indecency with a child by sexual contact, the jury was charged:

Now, if you find from the evidence beyond a reasonable doubt that . . . the
defendant . . . engaged in sexual contact with [the victim] . . . by . . . touching
part of the genitals of [the victim] . . . or . . . touching the breasts of [the
victim] . . . or . . . cause[d] [the victim] to touch part of his genitals . . . then
you will find the defendant guilty of the offense of indecency with a child as
charged in the indictment. 


 The charge contained only a general instruction informing the jury that its verdict
must be by unanimous vote; there was no separate unanimity instruction in the application
paragraphs. Following the reading of the application paragraphs, and after instructing the
jury on the defendant's right not to testify, the definition of an indictment, the burden of
proof, and the jurors' duties during deliberation, the judge stated: 

Do not let bias or sympathy play any part in your deliberations.


 Your verdict must be unanimous. Unanimous means all 12 of you
must vote, and after you have reached a unanimous verdict, the presiding
juror will certify thereto by signing the appropriate form attached to this
charge.


 And each of the counts has a form of the verdict. With regards to
Count 3, you have: Form of the verdict. We, the jury, find the defendant,
Manuel Gonzalez Soto, guilty of the offense of indecency with a child; or,
We, the jury, find the defendant, Manuel Gonzalez Soto, not guilty, signed
presiding juror.


 With regards to Count 2, the form of the verdict: We, the jury, find the
defendant, Manuel Gonzalez Soto, guilty of the offense of indecency with a
child as charged in the indictment, signed presiding juror; or, We, the jury,
find the defendant, Manuel Gonzalez Soto, not guilty, signed presiding juror.


 With regard to Count 1, We, the jury, find the defendant, Manuel
Gonzalez Soto, guilty of the offense of aggravated sexual assault as charged
in the indictment, signed presiding juror; or, We, the jury, find the defendant,
Manuel Gonzalez Soto, not guilty, signed presiding juror.


 You may proceed. 


 Read as a whole, the charge misled the jury into believing that only its ultimate
verdict of "guilty" need be unanimous. (49)

2. Prosecutor's Argument 


 Here, the prosecutor did not expressly tell the jury, as the trial judge did in Ngo v.
State, that it need not return a unanimous verdict. (50) However, the prosecutor told the jury,
"all of you don't have to agree that one of these happened"; by doing so, she erroneously
suggested that the jurors only needed to agree on their ultimate verdict of "guilty," rather
than unanimously agree on any one of the specific criminal acts set out in the charge. 
During closing argument, the prosecutor told the jury:

 And this is basically what's brought up here in Count 1. On or about
September the 15th, 2004, the defendant, Manuel Gonzalez Soto, in Hidalgo
County, Texas, intentionally and knowingly caused his sexual organ to
contact the mouth of . . . the victim, or intentionally or knowingly caused his
sexual organ to penetrate the mouth of the victim or intentionally or
knowingly caused his sexual--his finger to penetrate the sexual organ of the
victim, a child younger than 14 years of age.


 Keep in mind, ladies and gentlemen, that either one of these--let's
say you find that there was contact that his sexual organ, his penis,
contacted the mouth of the victim. That's enough for aggravated sexual
assault. There is three different manner and means. You don't have to
agree--all of you don't have to agree that one of these happened, as long
as you all agree that either one of these happened. Okay. The judge told
you that it has to be unanimous, meaning that all 12 of you have to decide
guilty or not guilty.


 And as far as manner and means, one person will say, Well, you know
what? I believe the evidence showed that his sexual organ contacted the
mouth of somebody else. Well, you say, You know what? I think that it not
only contacted but he put his penis in her mouth. Well, that's enough for an
aggravated sexual assault in that regard.


 . . . .


 . . . So if you find in Count 2 he touched part of her--part--that he
made her touch part of his genitals, then you will also find him guilty of
indecency with a child, or that he touched her breasts or that she touched
any part of his genitals, either one of these. 


 If one of you says, Well, you know what? I think the evidence shows
that he touched her breasts, but there was no evidence that he touched part
of her genitals and the evidence shows that all of these happened, but if any
one of you have a question as to which one it was, as long as it was either
one of these, you will find him guilty of indecency with a child.


We conclude that the "boilerplate" unanimity instruction in the jury charge was insufficient
to mitigate the harm caused by the prosecutor's confusing and erroneous argument. 

3. The Evidence 


 A.R. testified that appellant encountered her in her mother's bedroom; he touched
her on her "chest," (51) took his penis out, and forced her to rub it and put it in her mouth. 
A.R. then went to her room and closed the door. A few moments later, appellant entered
her room and again put his penis in her mouth. When appellant heard a door open in a
nearby room, he zipped up his pants and left. A.R. testified that appellant touched her on
her chest, butt, and "middle part" with her clothes on. (52) She also testified appellant
touched her butt with his exposed penis.

 Officer Saldana, the investigating police officer, testified that he interviewed A.R. 
According to Officer Saldana, A.R. said appellant forced her to rub his penis. A.R. also told
him that appellant rubbed up against her from behind and rubbed his penis on her butt;
when this occurred, they both had their clothes on. 

 Orta, the investigator for Child Protective Services, testified that she observed A.R.
being interviewed at the Children's Advocacy Center. (53) According to Ms. Orta, A.R. stated
that appellant forced her to put his penis into her mouth. 

 Guerrero, the sexual assault nurse examiner who examined A.R., testified that A.R.
said appellant touched her in her genital area and put his penis in her mouth. A.R. also
said appellant rubbed his penis to her "vaginal area," and forced her to rub his penis. 

 Officer Buitron, the investigating police officer assigned to the case, testified that
when he interviewed appellant and told him of A.R.'s allegations, appellant denied the
allegations and said A.R. was lying and trying to "get back at him" because he had caught
her smoking.

 Appellant did not testify at trial. The defense attempted to establish, by testimony
from other family members, that appellant was not present at A.R.'s home for a sufficient
length of time for the incidents to have occurred as alleged. 

D. Discussion 


 We have already determined that the evidence is legally insufficient to support the
allegation that appellant's finger penetrated A.R.'s sexual organ, as alleged in paragraph
three of Count 1. The remaining paragraphs of Count 1 allege that appellant caused his
sexual organ to contact A.R.'s mouth (paragraph one) and caused his sexual organ to
penetrate A.R.'s mouth (paragraph two).

 We recognize that where one act alleged under section 22.021 is necessarily
subsumed by another alleged act, such as contact and penetration, there is an exception
to the general rule that each allegation under section 22.021 constitutes a separate
offense. (54) Here, however, A.R. testified that there were two separate incidents in which
appellant caused his penis to penetrate her mouth--one in her mother's bedroom and a
second incident in her bedroom. We conclude that because more than one incident of
penetration (and contact) occurred, the exception is inapplicable. (55)

 Moreover, although we have found the evidence of digital penetration legally
insufficient, we have found the evidence that appellant touched A.R.'s genitals to be legally
sufficient. At the close of trial, outside the presence of the jury, the defense moved for an
instructed verdict on several grounds, including that there was no evidence of digital
penetration. The prosecutor responded that the State had "proved each manner and
means as alleged in all counts of the indictment." The trial court denied the motion for
instructed verdict. We conclude that we cannot be certain that none of the jurors relied on
the allegation of digital penetration in finding appellant guilty. 

 In Stuhler v State, (56) the defendant was convicted of injury to a child. (57) The court
of criminal appeals held (as had the court of appeals) that the defendant was denied her
right to a unanimous jury verdict because the application paragraph of the charge
authorized conviction if the jury found that she had caused either serious bodily injury or
serious mental injury to the child. (58) The court of criminal appeals found that the failure to
require a unanimous jury verdict on the type of injury resulted in egregious harm, in part
because "the harm [was] exacerbated by the fact that there was no evidence to support
serious bodily injury." (59) Thus, we find that the insufficiency of the evidence for one of the
offenses in count one (digital penetration) only exacerbated the harm caused by the
erroneous jury charge. 

 With respect to count two, indecency with a child by contact, we have already
determined that A.R.'s testimony, combined with Exhibit 3 as showing the places appellant
touched her, was legally sufficient to establish that appellant touched her on her breast,
genital area, and buttocks. 

 In Clear v. State, a factually similar case, this Court has already determined that an
erroneous disjunctive jury charge caused egregious harm. (60) Recently, in Nelson v. State, (61)
the El Paso Court of Appeals followed this Court's holding in Clear, and declined to follow
the First Court's holding in Martinez v. State, (62) in which the First Court distinguished our
holding in Clear. (63) Because the Nelson court succinctly contrasts this Court's opinion in
Clear with the First Court's opinion in Martinez, we quote the Nelson court at length:

In Clear v. State, the indictment alleged that Clear penetrated the female
sexual organ of a child with his finger, penetrated the female sexual organ
of the same child with his sexual organ, and also that he penetrated her
mouth with his sexual organ. The jury charge instructed the jury to find Clear
guilty of the offense of aggravated sexual assault, if it found that he either
penetrated the child's female sexual organ with his finger or penetrated or
contacted it with his sexual organ. During closing argument, the prosecutor
argued in reference to the options that the jury had with regard to the
allegations of penetration by the finger or contact or penetration by the penis
of the child's sexual organ that:


You can go back there and deliberate and you can all decide
that we have proven every one of those to you. You can
decide that. Or you can go back there, four of you could
decide, you know, "You've proven the finger penetration. I'm
not convinced about the contact by the male sexual organ."


Another four of you could say, you know, "You've proven
everything." And the remaining four of you could say, "Well,
you know, I believe the State proved that there was penile
penetration. I wasn't convinced about the finger penetration."


As long as we have proven to each and every one of you at
least one of these manners, we are entitled to a guilty verdict. 
You don't all have to agree on which manner we've proven it
to you, as long a [sic] we've proven one of these.


So we only have to convince you of one, but there's three
different ways that you can find this man guilty, Okay?


As in this case [Nelson], the State admitted charge error, but contested that
egregious harm had occurred. The State argued that the error was not
egregious, because the evidence was overwhelming that he was guilty, and
the record showed that the jury found the victim's entire testimony to be
credible and unassailable. The State reasoned that, as the jury believed the
accused penetrated the victim's vagina with his penis, it presumably also
believed he penetrated her with his finger. The State also noted that, as a
result of the manner in which the case was submitted, the accused received
only one conviction instead of two, which would benefit him should he be
convicted in another upcoming case.


The Clear court rejected this reasoning and found that he had suffered
egregious harm. The court stated that it could not determine what the jury
believed regarding the offenses that were charged. As such, to find that the
harm was not egregious, because the jury would surely have found Clear
guilty of all the offenses if given the opportunity, would put the court in the
place of the jurors and would deprive Clear of his right to a guilty finding by
a unanimous jury. The cause was reversed and remanded for new trial. 


However, in Martinez v. State, Martinez was convicted of aggravated sexual
assault of a child. The application paragraph of the jury charge read:


Now, if you find from the evidence beyond a reasonable doubt
that on or about the 14th day of September, 2003 . . . Jose R.
Martinez, did then and there unlawfully, intentionally or
knowingly cause the sexual organ of [complainant] . . . to
contact the sexual organ of the defendant; or if you find . . .
Jose R. Martinez did then and there unlawfully, intentionally or
knowingly cause the anus of [complainant] . . . to contact the
sexual organ of the defendant, then you will find the defendant
guilty as charged in the indictment.


The court of appeals held that the trial court erred in allowing a conviction
upon a disjunctive finding between two separate offenses. The court then
had to conduct an analysis to determine whether Martinez had suffered
egregious harm. The prosecutor stated during the voir dire examination,
after the judge had read the indictment that:


[N]otice how the judge read two paragraphs. What the laws
says [sic] is all I have to prove is one of those. In fact, it's a
little bit different in that six of y'all may think he contacted the
anus and six of y'all may think he contacted the female sexual
organ, as long as the 12 of you agree one of those happened,
then you can convict. That's why it's the two pleadings . . . .
[A]ll I have to prove is one of them.


The court noted that Martinez's defensive posture was that he did not commit
any offense, and he did not attack the evidence of vaginal penetration and
the evidence of anal contact differently. Further, the jury was twice
instructed in the charge that the State had the burden of proving each and
every element of the offense charged. Further, the comment by the
prosecutor was brief and was not repeated. The court held that Martinez had
not suffered egregious harm.


In the present case [Nelson], while the nature of Appellant's defensive
posture was somewhat in line with the situation in Martinez, we are inclined
to follow the holding in Clear. Here, the jury was told during voir dire that
they were to find three separate offenses, as opposed to a finding of guilt on
each charge. Further, they were, in effect, told by the prosecutor, prior to
deliberation, that their verdict did not need to be unanimous. We find that
Appellant suffered egregious harm, and we sustain Issue One. (64)


 We conclude that Clear was decided correctly and see no reason to depart from our 
precedent in that case. Accordingly, we hold appellant suffered egregious harm, reverse
the judgment of the trial court, and remand for a new trial. We sustain appellant's fifth
issue. 

 Because of our disposition of appellant's fifth issue, it is unnecessary for us to
address his remaining issues insofar as those issues complain of matters relating to
Counts 1 and 2. (65) 

IV. Count III: Indecency with a Child by Exposure


 In Count 3, appellant was convicted of indecency with a child by exposing part of
his genitals to A.R. Because the jury charge in Count 3 alleged only a single offense, the
charge does not raise a non-unanimous verdict issue with respect to Count 3. (66) We
conclude, however, that because of the non-unanimous verdict error in Counts 1 and 2,
we cannot be certain whether the jury erroneously based appellant's conviction in Count
3 on conduct that was subsumed within offenses charged in Counts 1 and 2. 

 Sexual contact or exposure that occurs in the course of an act of sexual penetration
is subsumed in the completed act. (67) A conviction for both the completed act of penetration
and for the sexual contact or exposure incident to the penetration constitutes double
jeopardy. (68) However, even when two acts are committed in close temporal proximity, the
acts still may be separate and distinct acts for double jeopardy purposes. (69)

 In the present case, there were two separate incidents in which appellant exposed
his genitals and forced his penis into A.R.'s mouth, once in her mother's bedroom and
once in A.R.'s bedroom. The record does not show any other occasion when the exposure
was a separate offense. Appellant's conviction for aggravated sexual assault is supported
by the evidence of one of the incidents of oral sex. As to his conviction for indecency by
contact in Count 2, however, the jury could have convicted him on the basis of the
evidence that he touched A.R.'s genitals--or touched her breast--or caused her to touch
his genitals. If the jury's decision was based on either of the first two, the indecency by
exposure that occurred in A.R.'s bedroom is a separate offense and supports the
conviction in Count 3. If, however, the jury based its conviction in Count 2 on the allegation
that appellant caused A.R. to touch his genitals, the indecency by exposure offense is
subsumed within the conduct for which appellant was convicted in Count 2, and is
jeopardy-barred. (70)

 At trial, there was no evidence of any occasion when appellant exposed his genitals,
except for the two instances in which he forced his penis into A.R.'s mouth. In closing
argument, the prosecutor told the jury:

 Now, the last one is Count 3 and that's the indecency by exposure. 
And what that states is that the defendant--we know where it happened, we
know it was at [A.R.'s residence]--with the intent to sexually gratify the
sexual desire of the defendant exposed part of his genitals, knowing the
victim was a child younger than 17 years of age and was not his spouse. So,
of course, we know that if he took out his penis, he exposed himself. We
know that she touched it, that if she touched his penis, there was--there was
sexual contact. We know that if he put his penis in her mouth there was
penetration. So I'm going to ask you that you come back and you find him
guilty on each and every count. 


 The facts in the present case are similar to those in Patterson v. State. (71) In
Patterson, the court of criminal appeals addressed whether indecency with a child by
exposure is subsumed within sexual assault or indecency with a child by contact. (72) 
Although the Patterson court noted that "indecency by exposure may or may not be a part
of a sexual assault or indecency by contact, depending on the facts of the case," it found
that under the facts before it, the "exposure was incident to and subsumed by the
aggravated sexual assault." (73) The court stated:

In this case, there were two essentially identical assaults, separated by a
short period of time. On both occasions, appellant exposed his genitals and
penetrated the complainant's anus. The assault in count I, paragraph two,
was alleged as aggravated sexual assault of a child by causing contact
between appellant's genitals and complainant's anus. The assault in count
I was alleged as aggravated sexual assault of a child by penetration of
complainant's anus by appellant's genitals, with a separate paragraph
alleging indecency with a child by contact by touching the complainant's anus
with appellant's genitals. The court of appeals affirmed the two convictions
for aggravated sexual assault, then correctly found that penetration required
contact and reversed that conviction. The state does not challenge that
ruling. The record in this case does not show an occasion during the
assaults when the exposure was a separate offense. Under the facts of
these incidents, exposure was incident to and subsumed by the aggravated
sexual assault. (74) 


 More recently, in Ex parte Carpenter, (75) a habeas corpus petitioner argued that his
conviction for indecency with a child by exposure violated double jeopardy. (76) The court of
criminal appeals remanded to the trial court for findings of fact and conclusions of law. (77) 
The trial court found that the petitioner's "conviction for indecency with a child by exposure
was 'incident to and subsumed by' the conviction for aggravated sexual assault as set out
in count one, and is therefore in violation of the constitutional guarantee against double
jeopardy." (78) Thus, the court of criminal appeals found the petitioner entitled to relief, and
set aside his conviction for indecency with a child by exposure. (79)

 Generally, to preserve a double jeopardy claim, a defendant must object at or before
the time the charge is submitted to the jury. (80) An appellant is excused from the
preservation requirement, however, when (1) the undisputed facts show the double
jeopardy violation is clearly apparent on the face of the record and (2) enforcement of
usual rules of procedural default serves no legitimate state interests. (81)

 We recognize that in the present case, the basis for the jury's decision in Count 3
is not "clearly apparent on the face of the record." However, as a result of the erroneous
charge which permitted a non-unanimous verdict in Counts 1 and 2, we can only speculate
as to the evidence that the jury relied on in convicting appellant in Count 3. Accordingly,
in the interest of justice, we also reverse appellant's conviction in Count 3 and remand this
cause for a new trial. (82) 

V. Conclusion 


 We reverse appellant's convictions in Counts 1, 2, and 3, and remand for a new
trial. 

 

 

 

 LINDA REYNA YAÑEZ,

 Justice






Dissenting Opinion by Justice Vela.


Publish. Tex. R. App. P. 47.2(b).


Opinion delivered and filed 

this the 29th day of July, 2008. 





 
1. See Tex. Penal Code Ann. § 22.021(a) (Vernon Supp. 2007).
2. See id. § 21.11(a)(1), (c) (Vernon 2003).
3. See id. § 21.11(a)(2)(A) (Vernon 2003).
4. Appellant is the brother of A.R.'s mother. Appellant was approximately forty-seven years old at the
time of the offense. "A.R." is a pseudonym to protect the victim's identity. 
5. A.R.'s brother was approximately twenty-three years old at the time of trial; A.R.'s sister was twenty
years old. 
6. A.R. identified Exhibit 3, which is a drawing of frontal and rear views of the female body. A.R. stated
she drew "Xs" on the drawing to show the places appellant touched her. On the frontal view, A.R. drew an
"X" on the left breast, which is identified as "chest," and on the genital area, which is identified as "middle part." 
The rear view shows an "X" on the buttocks. 
7. See Miranda v. Arizona, 384 U.S. 436, 469-72 (1966). 
8. If we reverse a criminal case for legal insufficiency, we vacate the judgment of conviction and order
a judgment of acquittal. See Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003).
9. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996).
10. Jones, 944 S.W.2d at 647.
11. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).
12. Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); Curry v. State, 30 S.W.3d 394, 406
(Tex. Crim. App. 2000).
13. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).
14. Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik, 953 S.W.2d at 240.
15. See Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); see Martinez v. State, 178 S.W.3d 806, 
814 (Tex. Crim. App. 2005); Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); see also Garcia
v. State, No. 13-05-175-CR, 2007 Tex. App. LEXIS 1323, at *4 (Tex. App.-Corpus Christi Feb. 22, 2007, no
pet.) (mem. op., not designated for publication).
16. See Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc). 
17. See id.
18. See Lee v. State, 176 S.W.3d 452, 458 (Tex. App.-Houston [1st Dist.] 2004), aff'd, 206 S.W.3d 620
(Tex. 2006) (holding "[t]he lack of physical or forensic evidence is a factor for the jury to consider in weighing
the evidence.") 
19. Gottlich v. State, 822 S.W.2d 734, 741 (Tex. App.-Fort Worth 1992, pet. ref'd) (finding requisite
intent to arouse and gratify sexual desire when defendant placed his hand inside complainant's panties and
played with her "private"), abrogated on other grounds by Arevalo v. State, 943 S.W.2d 887, 888-90 (Tex.
Crim. App. 1997). 
20. See Tex. Penal Code Ann. § 22.021(a) (Vernon Supp. 2007).
21. See id. § 21.11(a)(1), (c) (Vernon 2003).
22. See id. 
23. We do not order an acquittal on Count 1 (aggravated sexual assault), however, because appellant
does not challenge the sufficiency of the evidence that he committed the offense as alleged in paragraphs 
one and two of Count 1. See Stuhler v. State, 218 S.W.3d 706, 714 (Tex. Crim. App. 2007) (noting that court 
of appeals did not order acquittal on conviction for injury to a child because the evidence did support
conviction for injury to a child on a different theory submitted to the jury in the disjunctive).
24. The drawing was submitted as State's Exhibit 3.
25. Nelson v. State, 505 S.W.2d 551, 552 (Tex. Crim. App. 1974).
26. See id. 
27. See Clark v. State, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977) (holding evidence sufficient to
show sexual contact where complainant testified appellant touched her "front butt"); Williams v. State, 911
S.W.2d 788, 790 (Tex. App.-San Antonio 1995, no pet.) (holding complainant children sufficiently
communicated that touching occurred to part of body covered by statute by using terms such as "dick,"
"penis," and "private part"); see also Alexander v. State, No. 12-02-00050-CR, 2003 Tex. App. LEXIS 9932,
at *7 (Tex. App.-Tyler 2003, pet. ref'd) (mem. op., not designated for publication) (holding evidence legally
sufficient where nine-year-old victim testified appellant put his fingers in her "private" part and drew a circle
around vaginal area on drawing of female child to show where appellant touched her). 
28. See Jackson, 443 U.S. at 319; Jones, 944 S.W.2d at 647.
29. Although appellant's fourth issue also purports to challenge the factual sufficiency of the evidence
supporting the offenses of indecency as alleged in Count 2, paragraphs one and two, we need not address
these issues because prevailing on these issues would afford appellant no greater relief than is otherwise
provided by our disposition of his fifth issue. See Gearhart v. State, 122 S.W.3d 459, 467 (Tex. Crim. App.
2003) (noting when case reversed for factual sufficiency, remand for new trial is appropriate). 
30. Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). As noted, the State concedes the jury
charge as to Counts 1 and 2 was erroneous. 
31. Olivas v. State, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). 
32. Id.; Ngo, 175 S.W.3d at 743. 
33. Olivas, 202 S.W.3d at 144; Ngo, 175 S.W.3d at 743-44.
34. Warner v. State, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008); Hutch v. State, 922 S.W.2d 166,
171 (Tex. Crim. App. 1996); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).
35. Warner, 245 S.W.3d at 461 (citing Warner v. State, No. 03-04-00203-CR et al., 2005 Tex. App.
LEXIS 7790 (Tex. App.-Austin Sept. 22, 2005) (not designated for publication) (citing Hutch, 922 S.W.2d at
171)). 
36. Hutch, 922 S.W.2d at 171. 
37. Warner, 245 S.W.3d at 464; Almanza, 686 S.W.2d at 171. 
38. See Tex. Code Crim. Proc. Ann. art. 21.24(a) (Vernon 1989); Martinez v. State, 225 S.W.3d 550,
554 (Tex. Crim. App. 2007).
39. See Tex. Code Crim. Proc. Ann. art. 21.24(b) (Vernon 1989); Martinez, 225 S.W.3d at 554.
40. Ngo, 175 S.W.3d at 744. 
41. Id. at 745. 
42. Santee v. State, 247 S.W.3d 724, 727 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (citing Valdez
v. State, 218 S.W.3d 82, 84 (Tex. Crim. App. 2007)). 
43. Cook v. State, 192 S.W.3d 115, 118 (Tex. App.-Houston [14th Dist.] 2006, no pet.) (citing Martinez
v. State, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004)). 
44. Vick v. State, 991 S.W.2d 830, 833-34 (Tex. Crim. App. 1999); see Tex. Penal Code Ann. §
22.021(a)(1)(B) (Vernon Supp. 2007). 
45. Vick, 991 S.W.2d at 830. 
46. Id. 
47. Pizzo v. State, 235 S.W.3d 711, 719 (Tex. Crim. App. 2007) (construing former version of penal
code section 21.11(a)(1) and penal code section 21.01(2), defining sexual contact). The current version of
the indecency-with-a-child statute defines "sexual contact," if committed with the intent to arouse or gratify the
sexual desire of any person, as: 


(1) any touching by a person, including touching through clothing, of the anus, breast, or any
part of the genitals of a child; or


(2) any touching of any part of the body of a child, including touching through clothing, with
the anus, breast, or any part of the genitals of a person.


Tex. Penal Code Ann. § 21.11 (c) (Vernon 2003). While the former version of the statute was applicable in
Pizzo, the current version is applicable in the present case. See Pizzo, 235 S.W.3d at 715. 
48. As noted, the jury charge is not included in the clerk's record, and reportedly, is missing from the
trial court's record. The reporter's record reflects that the trial judge read the charge to the jury. 
49. See Ngo, 175 S.W.3d at 749. In Ngo, the court of criminal appeals noted, "[t]he jury could be
charged disjunctively, as long as it was also informed that it must be unanimous in deciding which criminal
act (or acts) appellant committed--stealing the credit card, receiving a stolen credit card, or fraudulently
presenting it." Id. n.43 (emphasis in original); see also Warner, 245 S.W.3d at 464 (stating that "the jury
charge is incorrect because it does not make clear that the jury had to find unanimously on at least one
statutory offense") (citing Ngo, 175 S.W.3d at 749). 
50. See Ngo, 175 S.W.3d at 750-51. In Ngo, the trial judge erroneously told the jurors:


There's three ways alleged that the offense can be committed. The State must prove, to your
satisfaction, one of the number of them; however, in the course of the proof, the State may
prove one to the satisfaction of part of the jury, another one to the satisfaction of others, the
third one to the satisfaction of another part of the jury, but if you found the defendant guilty,
you must believe the State has proved one of the three paragraphs in its entirety. 


Id. (emphasis in original). The court of criminal appeals found that the violation of the defendant's
right to a unanimous jury verdict caused egregious harm to his right to a fair and impartial trial. Id.
at 752. 
51. As noted, A.R.'s testimony as to her "chest" was clarified by her reference to Exhibit 3.
52. State's Exhibit 3 identifies "middle part" as the female genital area. 
53. Ms. Orta viewed the interview via closed-circuit television. 
54. See Santee v. State, 247 S.W.3d 724, 728-29 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (holding
appellant not deprived of unanimous jury verdict because jury's finding of penetration necessarily included
contact) (citing Hendrix v. State, 150 S.W.3d 839, 848 (holding disjunctive jury charge of contact that was
subsumed by penetration was not error because it "did not deprive appellant of a unanimous verdict because
all of the jurors who believed there was penetration necessarily also believed that antecedent contact had
occurred, and a non-unanimous verdict was not possible"); Valdez v. State, 211 S.W.3d 395, 400 (Tex.
App.-Eastland 2006, no pet.) (stating that there was no danger of jury not returning unanimous verdict
because contact with child's anus by appellant's sexual organ was subsumed within allegation that appellant
had penetrated child's anus with his sexual organ); Tyson v. State, 172 S.W.3d 172, 178 (Tex. App.-Fort
Worth 2005, pet. ref'd) (analyzing section 22.011 of penal code in light of Vick and concluding that "the
different types of conduct described in section 22.011(a)(2) constitute separate offenses even if the different
types of conduct occur in the same transaction except in cases in which one of the acts would necessarily be
subsumed by another, such as contact being subsumed by penetration") (emphasis added by Santee Court)). 
55. See Martinez v. State, 212 S.W.3d 411, 418-19 (Tex. App.-Austin 2006, pet. ref'd) (rejecting State's
argument that offense of contact was subsumed in offense of penetration, noting that State's argument might
have merit in case in which there is evidence of only a single act, and that single act involves penetration). 
56. Stuhler v. State, 218 S.W.3d 706, 708 (Tex. Crim. App. 2007). 
57. See Tex. Penal Code Ann. § 22.04(a) (Vernon Supp. 2007). 
58. Stuhler, 218 S.W.3d at 714-16. 
59. Id. at 720. The Stuhler court noted that in final argument, the State relied as heavily on the bodily
injury as the mental injury. Id. The court noted that the jury argument "could only have increased the already
substantial risk that the jury would not find it necessary to agree as to which type of injury the appellant
inflicted." Id.; see also Landrian v. State, No. 01-05-00697-CR, 2007 Tex. App. LEXIS 6290, at *26-27 (Tex.
App.-Houston [1st Dist.] Aug. 9, 2007, pet. granted) (designated for publication) (finding jury charge permitting
a non-unanimous jury verdict in aggravated assault case caused some harm, based on unbalanced state of
the evidence, as in Stuhler, the trial court's and prosecutor's emphasis of the error, and apparent jury
confusion). 
60. See Clear v. State, 76 S.W.3d 622, 624 (Tex. App.-Corpus Christi 2002, no pet.). 
61. Nelson v. State, No. 08-06-00154-CR, 2008 Tex. App. LEXIS 1258, at *15-20 (Tex. App.-El Paso
Feb. 21, 2008) (mem. op., not designated for publication). 
62. Martinez v. State, 190 S.W.3d 254, 262 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd). 
63. Nelson, 2008 Tex. App. LEXIS 1258, at *20. 
64. Id. at *15-20 (citations omitted); see Mathonican v. State, 194 S.W.3d 59, 67 (Tex. App.-Texarkana
2006, no pet.) (finding erroneous jury charge enabling jury to potentially return a non-unanimous verdict
caused defendant egregious harm); Hisey v. State, 129 S.W.3d 649, 659 (Tex. App.-Houston [1st Dist.] 2004,
pet. dism'd) (same); Hendrix v. State, 150 S.W.3d 839, 849 (Tex. App.-Houston [14th Dist.] 2004, pet. ref'd)
(same); In re M.P., 126 S.W.3d 228, 232 (Tex. App.-San Antonio 2003, no pet.) (same, finding some harm);
but see, Villarreal v. State, No. 03-05-00846-CR, 2007 Tex. App. LEXIS 9503, at *13 (Tex. App.-Austin Dec.
5, 2007, no pet.) (mem. op., not designated for publication) (finding erroneous charge violating unanimity
requirement did not result in egregious harm); Martinez v. State, 212 S.W.3d 411, 421 (Tex. App.-Austin
2006, pet. ref'd) (same). 
65. See Tex. R. App. P. 47.1.
66. The jury charge for Count 3 stated:


Now, if you find from the evidence beyond a reasonable doubt that on or about September
15, 2004, . . . the defendant, . . . intentionally, with intent to arouse and gratify the sexual
desire of said defendant, exposed part of his genitals, knowing that [A.R.], a child younger
than 17years of age and not his spouse, was present . . . .
67. Patterson v. State, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); see Barnes v. State, 165 S.W.3d
75, 88 (Tex. App.-Austin 2005, no pet.).
68. See Barnes, 165 S.W.3d at 88 (convictions for sexual assault by penetration and by
genital-to-genital contact based on single act of penetration constituted double jeopardy); Patterson v. State,
96 S.W.3d 427, 432-33 (Tex. App.--Austin 2002), aff'd, 152 S.W.3d at 92 (convictions for sexual assault by
penetration and indecency by contact based on single act of penetration constituted double jeopardy). 
69. Bottenfield v. State, 77 S.W.3d 349, 358 (Tex. App.-Fort Worth 2002, pet. ref'd), cert. denied, 539
U.S. 916 (2003).
70. Hutchins v. State, 992 S.W.2d 629, 632 (Tex. App.-Austin 1999, pet. ref'd, untimely filed) (holding 
because appellant was convicted of indecency with a child by exposure in the course of penetration
(aggravated sexual assault), the indecency by exposure was a lesser-included offense of aggravated assault,
and was jeopardy-barred, where both violations arose from same conduct); see also Gutierrez v. State, No.
11-06-00042-CR, 2007 Tex. App. LEXIS, at *3 (Tex. App.-Eastland 2007, no pet.) (holding no double jeopardy
violation where appellant was convicted of aggravated sexual assault, indecency with a child by contact, and
indecency with a child by exposure, but evidence showed at least three occasions in which appellant exposed
himself while compelling complainant to suck on his penis); Cabral v. State, 170 S.W.3d 761, 764 (Tex.
App.-Fort Worth 2005, pet. ref'd) (finding no double jeopardy violation where appellant's convictions for
aggravated sexual assault and indecency with a child by exposure were based on two separate incidents of
abuse, both occurring on same day); Underwood v. State, No. 11-02-00254-CR, 2004 Tex. App. LEXIS 2962,
(Tex. App.-Eastland 2004, pet. ref'd) (holding no double jeopardy violation where indecency with a child by
exposure was based on conduct separate from conduct incidental to two penetrations); Ruiz v. State, No. 03-00-00525-CR, 2001 Tex. App. LEXIS 5957, at *8 (Tex. App.-Austin 2001, no pet.) (holding no double jeopardy
violation and that indecency by exposure was not included within indecency by contact offense where separate
events supported separate convictions). 
71. Patterson, 152 S.W.3d at 92.
72. Id. 
73. Id. 
74. Id. Although the State in Patterson characterized its appeal as a "question of double jeopardy," the
court of criminal appeals found it unnecessary to address the constitutional issue, and resolved the case "on
the basis of statutory construction." Id. at 90. 
75. Ex parte Carpenter, No. AP-75,897, 2008 Tex. Crim. App. LEXIS 282 (Tex. Crim. App. April 9,
2008).
76. Id. at *1.
77. Id. 
78. Id. at *1-2.
79. Id. at *2.
80. Cabral, 170 S.W.3d at 764 (citing Gonzalez v. State, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000)). 
81. Id. (citing Gonzalez, 8 S.W.3d at 643).
82. See Ex parte Davis, 957 S.W.2d 9, 12 (Tex. Crim. App. 1997) (noting that in general, double
jeopardy does not prevent the State from retrying a defendant who succeeds in getting his first conviction set
aside because of some error in the proceedings leading to conviction).