Cabral v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-288-CR

AUGUSTINE CABRAL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury found appellant, Augustine Cabral (“Cabral”), guilty of aggravated sexual assault of a child and indecency with a child by exposure.  The jury assessed punishment at fifty years’ imprisonment for aggravated assault of a child and ten years’ imprisonment for indecency with a child, and the trial court sentenced him accordingly.  In two issues, Cabral contends that his convictions of both aggravated sexual assault and indecency with a child violate the Texas Penal Code and the Double Jeopardy Clause of the United States Constitution.  We affirm. 

II.  Background Facts and Procedural History

The record reflects that Cabral was indicted for aggravated sexual assault of a child and indecency with a child by exposure.  Count one of the indictment charged Cabral with aggravated sexual assault and alleged that on or about the first day of June 2000, Cabral intentionally and knowingly caused the anus of the complainant, a child younger than fourteen years of age, to contact his sexual organ.  Count two of the indictment charged Cabral with indecency with a child by exposure and alleged that on or about the first day of June 2000, Cabral intentionally exposed his genitals to the complainant, a child younger than seventeen years, knowing the complainant was present and with intent to arouse or gratify his sexual desire.

At trial, the complainant testified as to incidents of abuse involving Cabral.  She testified that when she was about nine years old she would stay after school with her half-brother’s grandmother, Tina Cabral, who is also Cabral’s mother.  She testified that she would go into Tina’s room to play Nintendo and that Cabral would come into the room while she was there, climb on the bed, lower his shorts and rub his penis on her.  She testified that on one particular occasion, Cabral rubbed his penis on her face and that he wanted her to open her mouth so he could insert his penis, but that she did not open her mouth.  She testified that Cabral then tried to remove her blue jeans, but that he was unsuccessful because she was able to get up and leave the room. 

She also testified about another incident when her mother sent her to Tina’s house to get her brother.  She testified that after her brother left the house to return home, Cabral pulled her into his bedroom.  She testified that Cabral removed all his clothing and then took her shorts off.  She stated that he then rubbed his penis all over her bottom and that he tried to penetrate her anus with his penis.  She testified that Cabral touched her anal opening with his penis, but that he did not penetrate her anus because she clinched her bottom to keep him from doing so.  She testified that she saw Cabral’s penis, that “white stuff” came out of his penis, and that she was able to run away by “nudging him . . . real hard” with her elbow. 

III.  Violation of the Texas Penal Code

In his first issue, citing 
Patterson v. State
, Cabral contends that the Texas Penal Code does not permit separate convictions for both 
aggravated sexual assault of a child and indecency with a child by exposure when the exposure was demonstrably part of the sexual assault.  
See 
152 S.W.3d 88, 92 (Tex. Crim. App. 2004); 
see also 
Tex. Penal Code Ann.
 §§ 3.01, 3.03, 21.11, 22.021 (Vernon 2003).
  In that regard, Cabral asserts that he cannot be convicted of both offenses here because the indecent exposure was committed in preparation for the aggravated sexual assault, and thus was subsumed by the greater offense. 

The State responds that Cabral was charged with separate counts of aggravated sexual assault and indecency by exposure occurring “on or about” June 1, 2000.  The State asserts that this “on or about” language of the indictment allows it to present evidence of incidents prior to the presentment of the indictment as long as it falls within the statutory limitations period.  
See Sledge v. State
, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).  
The State points out that the complainant’s testimony reflects that Cabral committed indecency by exposure and aggravated sexual assault on completely separate occasions. 

Cabral acknowledges that the complainant testified about multiple incidents of sexual abuse but argues that the complainant’s testimony regarding incidents occurring on a date different from the date alleged in the indictment cannot support his convictions.  He argues that convicting him based upon testimony regarding incidents occurring other than on the date alleged in the indictment violates his constitutional and statutory rights to (1) be fairly and adequately appraised of the specific offense with which he is charged, (2) not to be misled to his prejudice regarding the conduct of which he is accused, (3) be tried only on charges which have been the subject of a grand jury indictment, and (4) the right to not have the indictment modified or the offense changed without his knowledge or consent. 

In his reply brief, Cabral argues that because the indictment alleged both instances occurred on the same date,
(footnote: 2) both he and his trial counsel believed that counts one and two arose from a single incident.  He suggests that the record reflects that the State also believed that both counts arose out of the same incident, but that in light of the court of criminal appeals decision in 
Patterson
, the State is now attempting to argue that count two arose out of a separate incident.  Cabral admits, however, that he failed to bring this issue to the attention of the trial court and that he is raising it for the first time on appeal. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  
Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, which are not involved here, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).  
See Mendez
, 138 S.W.3d at 342.  
Preservation of error is a systemic requirement that this court should review on its own motion.  
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), 
cert. denied
, 511 U.S. 1152 (1994).  

To the extent that Cabral’s argument is that he was denied notice of the charges against him, we note that the indictment charged Cabral with two separate offenses and that he did not file a motion to quash the indictment. Accordingly, we conclude that Cabral has failed to preserve error, if any, in the indictment.  
See Perkins v. State
, 779 S.W.2d 918, 924-25 (Tex. App.—Dallas 1989, no pet.) (holding that to the extent the indictment failed to provide appellant adequate notice, appellant waived any such error by failing to raise it in a motion to quash).  Further, at no time during trial did Cabral inform the trial court of the issue he now brings on appeal.  
Having failed to raise this issue before the trial court, Cabral has failed to preserve this issue for our review.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.
 
 Cabral’s first issue is overruled.  

V.  Double Jeopardy

In his second point, Cabral contends that he received multiple punishments for the same offense in violation of the Double Jeopardy Clause of the United States Constitution because, under the facts of this case, indecency with a child by exposure is a lesser included offense of aggravated sexual assault.  
See
 
U.S. Const
. amends. V, XIV.
  Cabral admits, however, that he did not raise his multiple punishment claim to the trial court and that he is raising the issue for the first time on appeal. 

Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury.  
Gonzalez v. State
, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000).  
An 
appellant is excused from the preservation requirement, however, when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests. 
 Id
. at 643.  
 

The record reflects that Cabral was indicted for two separate offenses both alleged to have occurred “on or about” June 1, 2000.  The record further reflects that the complainant testified regarding two separate and distinct incidents of abuse, one involving Cabral’s attempt to stick his penis in her anus, and one where Cabral rubbed his penis in her face.
  In that regard, Cabral admits that the “attempted anal entry” and the “face rubbing” were separate incidents which occurred on distinctly different occasions. 

It is well settled that the “on or about” language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is prior to the presentation of the indictment and not so remote that prosecution is barred by the statue of limitations.  
Sledge,
 953 S.W.2d at 256.  
Here, the complainant’s testimony described acts supporting each charge occurring prior to the presentation of the indictment
(footnote: 3) and within the applicable statute of limitations period.
(footnote: 4)  
Thus, we find no double jeopardy violation apparent on the face of the record.  Cabral has therefore failed to meet the first prong of the 
exception to the preservation requirement set forth by 
Gonzalez
.  
See 
8 S.W.3d at 643.  Accordingly, we hold that Cabral failed to preserve his double jeopardy claim for our review. 
 See id
. at 642-46 (holding that a defendant could not raise a claim of multiple punishments for the first time on appeal and that failure to bring the issue to the attention of the trial court forfeited the claim; no express waiver of double jeopardy rights was necessary).  Cabral’s second issue is overruled.  

VI.  Conclusion

Having overruled Cabral’s two issues, we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

PUBLISH

DELIVERED:  July 14, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Cabral is taking the position that because the indictment alleges that both offenses occurred “on or about” June 1, 2000, the indictment is alleging that both offenses occurred on the same day. 

3:
We come to this conclusion based on the date of the presentation of the indictment, June 27, 2002, and the complainant’s testimony that (1) she was born in 1989, and (2) the offenses occurred when she was about nine years old.

4:
The limitations period for either indecency with a child or aggravated sexual assault is ten years from the complainant’s eighteenth birthday.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 12.01(5) (Vernon 2005).