COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

TAUREAN RAMON CRAVER,                     No. 08-10-00118-CR

§

      Appellant,                           Appeal from

§

v.                                     297th District Court

§

THE STATE OF TEXAS,              of Tarrant County, Texas

§

      Appellee.                      (TC # 1160320D)

§

## O P I N I O N

Taurean Ramon Craver was charged by indictment with six counts of aggravated sexual assault of a child and one count of indecency with a child. These counts charged that Appellant: (1) caused the sexual organ of the child to contact his sexual organ; (2) digitally penetrated her female sexual organ; (3) caused her sexual organ to contact his mouth; (4) caused her mouth to be penetrated by his penis; (5) engaged in sexual contact by touching the child's female sexual organ; and (6) caused her anus to be penetrated by his penis.

A jury found Appellant guilty of each count. In accordance with the jury's verdict, the trial court assessed punishment at forty years for Counts I, II, III, IV, and VI, and twenty years for Count V. The Court ordered that the sentences as to Counts I, II, III, IV, and VI be served consecutively and that the sentence for Count V be served concurrently with the sentence for Count II. Additionally, the court ordered Appellant to pay a $1,500 fine in accordance with the verdict as to each count. We reverse the judgment to dismiss the conviction for Count V and affirm the judgment as to Counts I, II, III, IV, and VI.

**FACTUAL SUMMARY**

In 2008, Suzanne Anderson taught first grade at Western Hills Elementary School. A.S. was a student in Anderson's class from August of that year until just before Thanksgiving, when the child transferred to another school. Anderson distinctly remembered A.S. as a model student and academically above her peers.

In early December, Anderson prepared a writing folder to pass on to the child's new school. In choosing from past writings to put in the new folder, Anderson found a very disturbing note folded in half and tucked into a back pocket of the writing folder, behind all the other papers. On the front of the note A.S. wrote her name and the date at the top. She drew a picture in the middle and wrote, "the day with my stepdad" at the bottom. Anderson described the picture as "two people in bed; one is a girl or a woman, the other is a man. And they are laying [side] by side, and the picture of the girl has a very sad face." On the back of the note, A.S. wrote:

> One day my stepdad have sex with me because he loved me, and I hate it because I
> never ever have sex with my stepdad be from I [really] my family.

The back of the note was signed, "by [A.S.]." Anderson immediately took the note to her principal and together they called Child Protective Services (CPS). They also notified the child's new school.

Kriste Moron is an investigator with CPS. She testified that CPS received a report that A.S. had written a letter describing her stepfather having sex with her. Moron went to the home and spoke with A.S., her mother, and her brother. Moron talked with A.S. alone for approximately fifteen minutes. During the interview, A.S., "was like a normal six-year-old, talkative, seemed easygoing, easy to talk with me. She didn't really seem to have a lot of concerns or anything at the time."

Q. When you met with A.S., did she mention sexual abuse from Taurean Craver?

A. Yes, she did.

Q. Now, once she tells you that, is it your job to press for details or do you just stop there?

A. It's my job to conclude the interview with whatever information she's given me and then the child is set up for a forensic interview.

After Moron completed her interview, she scheduled a forensic interview with Lindsey Dula.

Lindsey Dula is a forensic interviewer with the Alliance for Children. A.S. described "chronic sexual abuse" from her daddy, or stepdaddy who A.S. called "T." The child described multiple instances of sexual abuse including:

[A.S.] talked about different forms of abuse. She talked about penile vaginal penetration. She talked about digital vaginal penetration. She talked about oral copulation by the suspect to her as well as from her to the offender as well. So she talked about various instances as well as different locations within her home when this abuse took place.

A.S. also told Dula that sometimes T would come into her room while her brother was asleep and they would stay on one side of the bed so not to wake him. Other times, T would come into her room and take her into her mother's room while her mother was at work. He would take off all of her clothes. A.S. described instances where he'd put his "ding-ding" (which Dula established was his penis) into her "middle part," which referenced her vagina. A.S. also described instances where T would put his mouth on her middle part and suck and lick. Sometimes T would make her lie so that her face would be by his penis and his face would be by her middle part and she would have to suck and lick his penis while he did the same to her middle part. A.S. also described instances where she'd have to suck on his penis to make the "stuff" come out. The abuse occurred when she was five years old.

Rebecca Sullivan is a forensic nurse at Cook Children's medical center. On December 22, 2008, Sullivan examined A.S. The child told her T put his ding-ding in her middle part, and also that he put his fingers and his ding-ding in her bottom. A.S. tested positive for chlamydia, a sexually

transmitted disease.  The child also testified to the "nasty things" T would do to her.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In Issue One, Appellant contends counsel rendered ineffective assistance by failing to object on confrontation grounds to "multiple, testimonial, out-of-court statements that bolstered the complainant."  Specifically, he objects to the testimony of Lindsey Dula, the forensic interviewer, and Rebecca Sullivan, the forensic nurse at  Cook Children's Hospital.

Both the United States and the Texas Constitutions guarantee an accused the right to assistance of counsel.  U.S. CONST. amend. VI; TEX.CONST. art. I, § 10; TEX.CODECRIM.PROC.ANN. art. 1.05 (Vernon 2005).  This right includes the right to reasonably effective assistance.  *Strickland v. Washington*, 466 U.S. 668, 683-86, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984).  In *Strickland*, the Supreme Court set forth the standard of review for evaluating claims of ineffective assistance of counsel.  *Id*. at 687, 2064.  The two-prong *Strickland* test requires Appellant to show that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's performance prejudiced his defense.  *Id*.  Prejudice requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different.  *Id*.; *Mitchell v.* State, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); *Vasquez v. State*, 830 S.W.2d 948, 949 (Tex.Crim.App. 1992).  Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome."  *Stickland*. 466 U.S. at 694, 104 S.Ct. at 2068.

Appellant bears the burden to prove ineffective assistance of counsel by a preponderance of the evidence.  *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998).  In analyzing a claim for ineffective assistance, we begin with the strong presumption that counsel was competent.  *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).  Appellant must overcome the presumption that counsel's conduct falls within the wide range of reasonable, professional

assistance, and that, under the circumstances, the challenged action might be considered sound trial strategy. *Thompson*, 9 S.W.3d at 814. Counsel's action or inaction will be found to be reasonable if the record is silent as to the facts, circumstances, or rationale behind a particular course of action. *Id.*

Appellant contends that his attorney rendered ineffective assistance by failing to object on Confrontation Clause grounds to out-of-court statements the victim made to the forensic interviewer and the sexual assault nurse. His argument is based in part on *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford*, the United States Supreme Court held that testimonial statements of witnesses absent from trial violate the defendant's Sixth Amendment right to confrontation, unless the declarant is unavailable, and the defendant has had a prior opportunity to cross-examine. *Crawford*, 541 U.S. at 59, 124 S.Ct. at 1369. But the court noted that "[t]he Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Id.* at 59. A.S. testified at trial, in detail, about the sexual assault. Because there was no *Crawford/*Sixth Amendment violation, defense counsel was not ineffective for failing to object on those grounds. We overrule Issue One.

**DOUBLE JEOPARDY**

In Issue Two, Appellant argues that his convictions for aggravated sexual assault of a child by digital penetration (Count II) and indecency with a child by touching (Count V) violate the constitutional guarantee against double jeopardy. He contends that there is no evidence showing sexual contact by touching occurred in the absence of digital penetration. He thus concludes that the indecency by touching was incident to, or subsumed by, the aggravated sexual assault. We agree.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused against a second prosecution for the same offense following an acquittal, a second prosecution for the same offense following a conviction, and multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Littrell v. State*, 271 S.W.3d 273, 275 (Tex.Crim.App. 2008); U.S. CONST. amend V, XIV. Appellant's double jeopardy claim implicates the multiple punishments category. *See Barnes v. State*, 165 S.W.3d 75, 87 (Tex.App.--Austin 2005, no pet.).

As the State points out, Appellant did not raise this issue in the trial court. Generally, to preserve a double jeopardy claim on appeal, a defendant must have objected at trial. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex.Crim.App. 2000); *Cabral v. State*, 170 S.W.3d 761,764 (Tex.App.--Fort Worth 2005, pet. ref'd). A double jeopardy claim, however, may be raised for the first time on appeal when the double jeopardy violation is apparent from the face of the record. *Gonzalez*, 8 S.W.3d at 643. Because we have a complete record, "it can be determined from undisputed facts clearly apparent on the face of the record" whether there has been a jeopardy violation. *See Murray v. State*, 24 S.W.3d 881, 889 (Tex.App.--Waco 2000, pet. ref'd).

A person who commits more than one sexual assault against the same complainant may be convicted and punished for each separate act, even if the acts were committed in close temporal

proximity. *Vick v. State*, 991 S.W.2d 830, 833 (Tex.Crim.App. 1999). The statutes do not, however, authorize " 'stop-action' prosecutions." *Patterson v. State*, 152 S.W.3d 88, 92 (Tex.Crim.App. 2004). That is, a defendant cannot be convicted for a completed act of sexual assault and also for conduct that is demonstrably part of the commission of the completed act. *Id*. Thus, penile contact with genitals in the course of penile penetration is subsumed in a conviction for the penetration. *Id*.; *see Barnes v. State*, 165 S.W.3d 75, 87-88 (Tex.App.--Austin 2005, no pet.)(holding that convictions for sexual assault by penetration and by genital-to-genital contact based on single act of penetration constituted double jeopardy).

A.S. testified as to the sexual assault by digital penetration:

Q. Would he ever touch your private part with his fingers?

A. Yes.

Q. Tell me about that.

A. Well, when he stops, he always puts his pointy finger up in his mouth, and then after he put his finger in his mouth, there would be slobber and he sticks it up in my middle part.

Q. Would it actually go inside your middle part?

A. Yes.

Q. Can you put your hand on top of my hand? Can you put your hand underneath my hand?

MR. VASSAR: And just for the record, she did put her hand over my hand and now she has put her hand under my hand.

THE COURT: All right.

Q. (By Mr. Vassar) And can you put your finger in the hole?

MR. VASSAR: And just one more time let the record reflect that she put her hand on top of my hand and was able to put her finger inside the circle I was making with my hand.

THE COURT: All right.

Q. (By Mr. Vassar) Now, would he actually stick his finger inside of you after he licked it?

A. Yes.

The child testified to a variety of sexual acts, occurring multiple times over an extended period of time. Yet, there is no clear testimony by which she indicated that Appellant committed the offense of indecency by touching the genitals separate and apart from committing the sexual assault by digital penetration. *See Aportela v. State*, No. 08-05-00396-CR, 2007 WL 2523551, at *7 (Tex.App.--El Paso Sept. 6, 2007, pet. ref'd)(not designated for publication). Based on the testimony presented at trial, we conclude that the indecency by touching was incident to and subsumed by the aggravated sexual assault by digital penetration. *See Patterson v. State*, 96 S.W.3d 427, 432-33 (Tex.App.--Austin 2002), *aff'd*, 152 S.W.3d 88 (Tex.Crim.App. 2004). Issue Two is sustained.

When a defendant is convicted of two offenses in violation of the double jeopardy guarantee, the proper remedy is to set aside the conviction for the offense carrying the less serious punishment. *Id*. at 433, *citing Landers v. State*, 957 S.W.2d 558, 560 (Tex.Crim.App. 1997). Accordingly, we reverse Appellant's conviction for indecency with a child by contact.

## LEGAL SUFFICIENCY

In Issue Three, Appellant challenges the legal sufficiency of the evidence to support the indecency of a child offense alleged in Count V of the indictment. Because we have reformed the judgment to delete the conviction for indecency with a child, these arguments are now moot. We overrule Issue Three.

## CONCLUSION

The conviction for indecency with a child by contact (Count V) is reversed. We affirm the

remainder of the judgment.


August 26, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)