02-10-498-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00498-CR

 

 


 
 
 Phillip Dwain Smith
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A jury
found Appellant Phillip Dwain Smith guilty of continuous sexual abuse, two
counts of aggravated sexual assault, and three counts of indecency with a
child.  The trial court sentenced Appellant to sixty years’ confinement for
three of the convictions and twenty years’ confinement for the other three
convictions and pronounced that the sentences would run concurrently.  Appellant
raises three issues on appeal; he argues that the judgment on one of the
aggravated sexual assault convictions incorrectly recites that the sentence for
that conviction is to run consecutively, that the trial court’s judgments
violate double jeopardy, and that the jury’s verdicts for two of his convictions
were not unanimous.  For the reasons set forth below, we will sustain Appellant’s
first issue and overrule his second and third issues.

          Concerning
Appellant’s first issue, the State agrees that the judgment on count 2 for the
offense of aggravated sexual assault of a child under fourteen years of age
should be modified to delete the imposition of consecutive sentencing and that
this sentence should run concurrently with the sentences on counts 1, 3, 4, 5,
and 6, as pronounced by the trial court in open court.  See, e.g., Taylor
v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (holding oral
pronouncement of sentence controls over information in written judgment).  We
sustain Appellant’s first issue.

In
his second issue, Appellant complains that his convictions for indecency with a
child by contact in counts 3 and 4 are jeopardy-barred by his conviction in
count 2 for aggravated sexual assault of a child.  In count 2, Appellant was
found guilty of aggravated sexual assault of a child by intentionally or
knowingly causing the penetration of the female sexual organ of the victim, a
child younger than fourteen years of age who was not the spouse of Appellant,
by inserting his finger into her female sexual organ.  Appellant was found
guilty of indecency by contact in count 3 by intentionally, with the intent to
arouse or gratify his sexual desire, engaging in sexual contact by touching the
breast of the victim, a child younger than seventeen years of age and not his
spouse, with his hand.  He was found guilty of indecency by contact in count 4
by intentionally, with the intent to arouse or gratify his sexual desire,
engaging in sexual contact by touching the breast of the victim, a child
younger than seventeen years of age and not his spouse, with his mouth or
tongue.  Each of these counts was alleged to have occurred “on or about July 6,
2009.”

The
victim, who was twelve years old at the time of trial, testified that Appellant
began touching her vagina when she was eight years old; first, he touched her
over her clothes, and then he began putting his hand under her clothes.  He
inserted his finger into her female sexual organ.  She testified that Appellant
would do this about once a week.  When she was nine-and-a-half years old,
Appellant began touching her on her breasts, too.  He did this every few days.  He
would kiss her breasts.  He continued to insert his finger into her female
sexual organ and to touch and kiss her breasts, and when she was ten years old
and eleven years old, the frequency of Appellant’s assaults increased to almost
daily.

The trial
court charged the jury that “[f]or the offenses of indecency with a child and
aggravated sexual assault of a child, you are further instructed that the State
is not bound by the specific date on which the offense, if any, is alleged in
the indictment to have been committed, but conviction may be had upon proof
that the offense, if any, was committed any time prior to the presentment of
the indictment.”

Generally,
to preserve a double jeopardy claim, a defendant must object at or before the
time the charge is submitted to the jury.  Gonzalez v. State, 8 S.W.3d
640, 642 (Tex. Crim. App. 2000). An appellant is excused from the preservation
requirement, however, when (1) the undisputed facts show that the double
jeopardy violation is clearly apparent on the face of the record and (2)
enforcement of usual rules of procedural default serves no legitimate state
interests.  Id. at 643. 

The
Double Jeopardy Clause bars the State from putting a person in jeopardy twice
for the same offense.  U.S. Const. amends. V, XIV.  “For Double Jeopardy
purposes, ‘[t]he same offense means the identical criminal act, not the same
offense by name.’”  Ex parte Goodbread, 967 S.W.2d 859, 860 (Tex. Crim.
App. 1998).  Thus, each distinct instance of sexual assault may be separately
indicted and tried.  Id. at 861.  Moreover, the State is not bound by
the “on or about” date alleged in the indictment.  Id. at 860.  It is
well settled that the “on or about” language of an indictment allows the State
to prove a date other than the one alleged in the indictment as long as the
date is prior to the presentation of the indictment and not so remote that
prosecution is barred by the statute of limitations.  See Sledge v. State,
953 S.W.2d 253, 256 (Tex. Crim. App. 1997); Cabral v. State, 170 S.W.3d
761, 763 (Tex. App.––Fort Worth 2005, pet. ref’d).

Here,
Appellant was indicted for three separate offenses in counts 2, 3, and 4; all
were alleged to have occurred on or about July 6, 2009.  A conviction for
sexual assault by finger-vaginal penetration is not based on the same conduct
as a conviction for indecency by hand-breast or oral-breast contact.  See
Hutchins v. State, 992 S.W.2d 629, 633 (Tex. App.––Austin 1999, pet. ref’d,
untimely filed) (explaining that “[b]ecause appellant has not shown that his
conviction for indecency with a child by contact was based on the same conduct
underlying his conviction for aggravated sexual assault of a child, his
contention that these convictions constitute multiple punishments for the same
offense is without merit”).  Additionally, the jury was charged, without
objection by Appellant, that for the offenses of indecency with a child and
aggravated sexual assault of a child, they could convict Appellant upon proof
that these offenses, if any, were committed any time prior to the presentment
of the indictment.

The
victim testified that Appellant penetrated her female sexual organ with his
finger on a weekly basis for years and then later on an almost daily basis. 
The victim testified that Appellant touched her breasts and kissed her breasts
beginning when she was nine-and-a-half years old and that this contact occurred
on a weekly and later daily basis.  The evidence therefore established hundreds
of finger-vaginal penetrations and hundreds of hand-breast and oral-breast
contacts, all before the date the indictment was presented on July 27, 2009.  Thus,
no double jeopardy violation is apparent on the face of the record before us; the
face of the record does not support Appellant’s contention that his indecency
with a child by contact convictions in counts 3 and 4 are jeopardy-barred by
his conviction in count 2 for aggravated sexual assault of a child by
finger-vaginal penetration.  See Cabral, 170 S.W.3d at 763; Hutchins,
992 S.W.2d at 633.  Appellant has failed to meet the first prong of Gonzalez,
as required to assert a double jeopardy violation for the first time on
appeal.  See 8 S.W.3d at 643.  We overrule Appellant’s second issue.

In
his third issue, Appellant argues that the two aggravated sexual assault convictions
(for counts 2 and 5) were not based on unanimous jury verdicts due to the trial
court’s jury instructions.  The court’s charge properly defined the elements of
aggravated sexual assault.  The court’s charge contained proper application
paragraphs for counts 2 and 5, explaining,

[I]f you find from
the evidence beyond a reasonable doubt that on or about the 6th day of July,
2009, in Tarrant County, Texas the defendant, Phillip Dwain Smith, did then and
there intentionally or knowingly cause the penetration of the female sexual
organ or vagina of [the victim], a child younger than 14 years of age who was
not the spouse of said defendant by inserting his finger into the female sexual
organ or vagina of [the victim], then you will find the  Defendant guilty of
aggravated sexual assault of a child as charged in Count Two of the
Indictment.  

 

. . . .

 

[I]f you find from
the evidence beyond a reasonable doubt that on or about the 1st day of January
2009, in Tarrant County, Texas the defendant, Phillip Dwain Smith, did then and
there intentionally or knowingly cause the penetration of the female sexual organ
or vagina of [the victim], a child younger than 14 years of age who was not the
spouse of said defendant by inserting his finger into her female sexual organ
or vagina, then you will find the  Defendant guilty of aggravated sexual
assault of a child as charged in Count Five of the Indictment.  

 

The
court’s charge submitted each count of the indictment to the jury on a separate
verdict form.  The jury specifically found Appellant guilty of aggravated
sexual assault of a child as charged in count 2 of the indictment.  The jury also
specifically found Appellant guilty of aggravated sexual assault of a child as
alleged in count 5 of the indictment.

Appellant
complains however, of a portion of an abstract paragraph in the court’s charge that
was submitted with the instructions to the jury concerning the offense of continuous
sexual abuse of a child.  The charge explained that “[f]or purposes of Count
One, our law provides that a person commits the offense of indecency with a
child if the person intentionally, with the intent to arouse or gratify the
person’s sexual desire, engages in sexual contact with a child.”  The next
paragraph provided, in part,

For purposes of
Counts Two through Six, our law provides that a person commits the offense of
indecency with a child if the person intentionally, with the intent to arouse
or gratify the person’s sexual desire engages in sexual contact.  

 

This
is the sentence that Appellant claims authorized a nonunanimous verdict on
counts 2 and 5, the aggravated sexual assault offenses.

But
the complained-of sentence was not incorrect.  Its language explaining when a
person commits the offense of indecency with a child was simply not applicable
to the aggravated sexual assault offenses charged in counts 2 and 5.  No
language in the complained-of sentence authorized the jury to convict Appellant
of counts 2 and 5 by finding only indecency with a child by contact.  To the
contrary, the charge properly defined the elements of aggravated sexual
assault, contained a proper application paragraph concerning counts 2 and 5,
and submitted separate verdict forms to the jury on each count; the jury found
Appellant guilty of all six counts on six separate verdict forms.  The complained-of
sentence in the court’s charge did not authorize a nonunanimous verdict on
counts 2 and 5.  See Francis v. State, 36 S.W.3d 121, 125 (Tex. Crim.
App. 2000) (“A[] unanimous jury verdict ensures that the jury agrees on
the factual elements underlying an offense.”); Colburn v. State, 966
S.W.2d 511, 520 (Tex. Crim. App. 1998) (explaining presumption that jury
follows the trial court’s instructions in the manner presented).  We overrule
Appellant’s third issue.

          Having
sustained Appellant’s first issue, we modify the judgment on count 2 for the offense
of aggravated sexual assault of a child under fourteen years of age by deleting
the imposition of consecutive sentencing and providing, “This sentence shall
run concurrently with sentences imposed in counts 1, 3, 4, 5, and 6 of this
cause.”  Having overruled Appellant’s second and third issues, we affirm the
trial court’s judgments as modified.

 

PER CURIAM

PANEL: 
WALKER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2011









[1]See Tex. R. App. P. 47.4.