

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00498-CR

PHILLIP DWAIN SMITH                                     APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Phillip Dwain Smith guilty of continuous sexual abuse, two counts of aggravated sexual assault, and three counts of indecency with a child. The trial court sentenced Appellant to sixty years' confinement for three of the convictions and twenty years' confinement for the other three convictions and pronounced that the sentences would run concurrently. Appellant raises three issues on appeal; he argues that the judgment on one of

[1]*See* Tex. R. App. P. 47.4.

the aggravated sexual assault convictions incorrectly recites that the sentence for that conviction is to run consecutively, that the trial court's judgments violate double jeopardy, and that the jury's verdicts for two of his convictions were not unanimous. For the reasons set forth below, we will sustain Appellant's first issue and overrule his second and third issues.

Concerning Appellant's first issue, the State agrees that the judgment on count 2 for the offense of aggravated sexual assault of a child under fourteen years of age should be modified to delete the imposition of consecutive sentencing and that this sentence should run concurrently with the sentences on counts 1, 3, 4, 5, and 6, as pronounced by the trial court in open court. *See, e.g.*, *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (holding oral pronouncement of sentence controls over information in written judgment). We sustain Appellant's first issue.

In his second issue, Appellant complains that his convictions for indecency with a child by contact in counts 3 and 4 are jeopardy-barred by his conviction in count 2 for aggravated sexual assault of a child. In count 2, Appellant was found guilty of aggravated sexual assault of a child by intentionally or knowingly causing the penetration of the female sexual organ of the victim, a child younger than fourteen years of age who was not the spouse of Appellant, by inserting his finger into her female sexual organ. Appellant was found guilty of indecency by contact in count 3 by intentionally, with the intent to arouse or gratify his sexual desire, engaging in sexual contact by touching the breast of the victim, a child

2

younger than seventeen years of age and not his spouse, with his hand. He was found guilty of indecency by contact in count 4 by intentionally, with the intent to arouse or gratify his sexual desire, engaging in sexual contact by touching the breast of the victim, a child younger than seventeen years of age and not his spouse, with his mouth or tongue. Each of these counts was alleged to have occurred "on or about July 6, 2009."

The victim, who was twelve years old at the time of trial, testified that Appellant began touching her vagina when she was eight years old; first, he touched her over her clothes, and then he began putting his hand under her clothes. He inserted his finger into her female sexual organ. She testified that Appellant would do this about once a week. When she was nine-and-a-half years old, Appellant began touching her on her breasts, too. He did this every few days. He would kiss her breasts. He continued to insert his finger into her female sexual organ and to touch and kiss her breasts, and when she was ten years old and eleven years old, the frequency of Appellant's assaults increased to almost daily.

The trial court charged the jury that "[f]or the offenses of indecency with a child and aggravated sexual assault of a child, you are further instructed that the State is not bound by the specific date on which the offense, if any, is alleged in the indictment to have been committed, but conviction may be had upon proof that the offense, if any, was committed any time prior to the presentment of the indictment."

3

Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). An appellant is excused from the preservation requirement, however, when (1) the undisputed facts show that the double jeopardy violation is clearly apparent on the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests. *Id*. at 643.

The Double Jeopardy Clause bars the State from putting a person in jeopardy twice for the same offense. U.S. Const. amends. V, XIV. "For Double Jeopardy purposes, '[t]he same offense means the identical criminal act, not the same offense by name.'" *Ex parte Goodbread*, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998). Thus, each distinct instance of sexual assault may be separately indicted and tried. *Id*. at 861. Moreover, the State is not bound by the "on or about" date alleged in the indictment. *Id*. at 860. It is well settled that the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is prior to the presentation of the indictment and not so remote that prosecution is barred by the statute of limitations. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *Cabral v. State*, 170 S.W.3d 761, 763 (Tex. App.—Fort Worth 2005, pet. ref'd).

Here, Appellant was indicted for three separate offenses in counts 2, 3, and 4; all were alleged to have occurred on or about July 6, 2009. A conviction for sexual assault by finger-vaginal penetration is not based on the same conduct

4

as a conviction for indecency by hand-breast or oral-breast contact. *See Hutchins v. State*, 992 S.W.2d 629, 633 (Tex. App.—Austin 1999, pet. ref'd, untimely filed) (explaining that "[b]ecause appellant has not shown that his conviction for indecency with a child by contact was based on the same conduct underlying his conviction for aggravated sexual assault of a child, his contention that these convictions constitute multiple punishments for the same offense is without merit"). Additionally, the jury was charged, without objection by Appellant, that for the offenses of indecency with a child and aggravated sexual assault of a child, they could convict Appellant upon proof that these offenses, if any, were committed any time prior to the presentment of the indictment.

The victim testified that Appellant penetrated her female sexual organ with his finger on a weekly basis for years and then later on an almost daily basis. The victim testified that Appellant touched her breasts and kissed her breasts beginning when she was nine-and-a-half years old and that this contact occurred on a weekly and later daily basis. The evidence therefore established hundreds of finger-vaginal penetrations and hundreds of hand-breast and oral-breast contacts, all before the date the indictment was presented on July 27, 2009. Thus, no double jeopardy violation is apparent on the face of the record before us; the face of the record does not support Appellant's contention that his indecency with a child by contact convictions in counts 3 and 4 are jeopardy-barred by his conviction in count 2 for aggravated sexual assault of a child by finger-vaginal penetration. *See Cabral*, 170 S.W.3d at 763; *Hutchins*, 992

5

S.W.2d at 633. Appellant has failed to meet the first prong of *Gonzalez*, as required to assert a double jeopardy violation for the first time on appeal. *See* 8 S.W.3d at 643. We overrule Appellant's second issue.

In his third issue, Appellant argues that the two aggravated sexual assault convictions (for counts 2 and 5) were not based on unanimous jury verdicts due to the trial court's jury instructions. The court's charge properly defined the elements of aggravated sexual assault. The court's charge contained proper application paragraphs for counts 2 and 5, explaining,

> [I]f you find from the evidence beyond a reasonable doubt that on or about the 6th day of July, 2009, in Tarrant County, Texas the defendant, Phillip Dwain Smith, did then and there intentionally or knowingly cause the penetration of the female sexual organ or vagina of [the victim], a child younger than 14 years of age who was not the spouse of said defendant by inserting his finger into the female sexual organ or vagina of [the victim], then you will find the Defendant guilty of aggravated sexual assault of a child as charged in Count Two of the Indictment.

> . . . .

> [I]f you find from the evidence beyond a reasonable doubt that on or about the 1st day of January 2009, in Tarrant County, Texas the defendant, Phillip Dwain Smith, did then and there intentionally or knowingly cause the penetration of the female sexual organ or vagina of [the victim], a child younger than 14 years of age who was not the spouse of said defendant by inserting his finger into her female sexual organ or vagina, then you will find the Defendant guilty of aggravated sexual assault of a child as charged in Count Five of the Indictment.

The court's charge submitted each count of the indictment to the jury on a separate verdict form. The jury specifically found Appellant guilty of aggravated sexual assault of a child as charged in count 2 of the indictment. The jury also

6

specifically found Appellant guilty of aggravated sexual assault of a child as alleged in count 5 of the indictment.

Appellant complains however, of a portion of an abstract paragraph in the court's charge that was submitted with the instructions to the jury concerning the offense of continuous sexual abuse of a child. The charge explained that "[f]or purposes of Count One, our law provides that a person commits the offense of indecency with a child if the person intentionally, with the intent to arouse or gratify the person's sexual desire, engages in sexual contact with a child." The next paragraph provided, in part,

> For purposes of Counts Two through Six, our law provides that a person commits the offense of indecency with a child if the person intentionally, with the intent to arouse or gratify the person's sexual desire engages in sexual contact.

This is the sentence that Appellant claims authorized a nonunanimous verdict on counts 2 and 5, the aggravated sexual assault offenses.

But the complained-of sentence was not incorrect. Its language explaining when a person commits the offense of indecency with a child was simply not applicable to the aggravated sexual assault offenses charged in counts 2 and 5. No language in the complained-of sentence authorized the jury to convict Appellant of counts 2 and 5 by finding only indecency with a child by contact. To the contrary, the charge properly defined the elements of aggravated sexual assault, contained a proper application paragraph concerning counts 2 and 5, and submitted separate verdict forms to the jury on each count; the jury found

7

Appellant guilty of all six counts on six separate verdict forms. The complained-of sentence in the court's charge did not authorize a nonunanimous verdict on counts 2 and 5. *See Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000) ("A[] unanimous jury verdict ensures that the jury agrees on the factual elements underlying an offense."); *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (explaining presumption that jury follows the trial court's instructions in the manner presented). We overrule Appellant's third issue.

Having sustained Appellant's first issue, we modify the judgment on count 2 for the offense of aggravated sexual assault of a child under fourteen years of age by deleting the imposition of consecutive sentencing and providing, "This sentence shall run concurrently with sentences imposed in counts 1, 3, 4, 5, and 6 of this cause." Having overruled Appellant's second and third issues, we affirm the trial court's judgments as modified.

PER CURIAM

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 3, 2011