

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-19-00260-CR
_____

GILBERT ANGEL ESCOBEDO, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1597841R

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Gilbert Angel Escobedo was convicted of one count of aggravated sexual assault of a child and three counts of indecency with a child by contact. Escobedo raises two points on appeal: (1) whether two of his four convictions—for aggravated sexual assault by using his finger to penetrate S.C.'s[1] sexual organ and for indecency by touching S.C.'s genitals—punish him twice for the same criminal act in violation of the Double Jeopardy Clause; and (2) whether the trial court violated Escobedo's rights under the Due Process and Due Course of Law Clauses by giving the jury a partially inapplicable but statutorily mandated jury instruction regarding good-conduct time. We affirm.

## I. Background

This case arises from an outcry of sexual abuse made by then-12-year-old S.C. against Escobedo.

Escobedo was the longtime live-in boyfriend of S.C.'s great-aunt and guardian, N.N.[2] After running away from N.N.'s home, S.C. was taken to a Child Protective Services office where she reported Escobedo's sexual abuse. At trial, the State offered

---

[1]We redact the complainant's name under Texas Rule of Appellate Procedure 9.10(a)(3).

[2]S.C.'s familial relationship with N.N. is complex. Child Protective Services placed S.C. and two of her maternal half-siblings, A.R. and J.Y., with N.N. when S.C. was two years old. N.N. is both S.C.'s great-aunt (the sister of S.C.'s paternal grandfather) and the paternal grandmother of S.C.'s half-sibling, J.Y. Put another way, S.C.'s father is N.N.'s nephew, while J.Y.'s father is N.N.'s son.

evidence that Escobedo performed multiple inappropriate sexual acts with S.C., including sucking and kissing her breasts; causing her to stroke his penis until he ejaculated; inserting his fingers into her vagina; and touching, squeezing, and fondling her genitals. S.C. testified that Escobedo performed these acts nearly every day when she was six to twelve years old—"about 1,800 times." Theresa Fugate, S.C.'s sexual assault nurse, testified S.C. reported that Escobedo touched her "a lot" from ages ten to twelve and that the touching included "multiple acts of him inserting his finger into her vagina or her female sexual organ, as well as just touching her vagina." Lindsey Dula, who conducted S.C.'s forensic interview, also testified that S.C. said Escobedo had "touched her vagina" and "penetrated her vagina with his finger." Escobedo testified in his own defense and denied ever inappropriately touching S.C.

A grand jury indicted Escobedo and the State tried him for one count of continuous sexual abuse of a child, one count of aggravated sexual assault of a child by penetrating S.C.'s sexual organ with his finger, and three counts of indecency with a child for (1) causing S.C. to touch his genitals, (2) touching S.C.'s genitals, and (3) touching S.C.'s breast. Tex. Penal Code Ann. §§ 21.11(a)(1), (d), 22.021(a)(2)(B), (e). The jury found Escobedo not guilty of continuous sexual abuse of a child but guilty of aggravated sexual assault of a child and guilty on all three counts of indecency with a child.

Punishment was then tried to the jury. The court's punishment charge included an instruction regarding parole and good-conduct time that was substantially similar

to that set forth in Article 37.07, Section 4(a) of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (amended 2019).[3] The jury returned the maximum prison sentence for each offense—life in prison for aggravated sexual assault and 20 years' confinement for each count of indecency. Tex. Penal Code Ann. §§ 12.32(a), 12.33(a), 21.11(a)(1), (d), 22.021(a)(2)(B), (e). The trial court sentenced Escobedo in accordance with the jury's verdict and ordered that his sentences run concurrently.

## II. Discussion

Escobedo raises two points on appeal: (1) whether his conviction for indecency by touching S.C.'s genitals was factually subsumed within his conviction for aggravated sexual assault by penetrating S.C.'s sexual organ, thereby punishing him twice for the same offense in violation of the federal Double Jeopardy Clause; and (2) whether the trial court violated Escobedo's rights to due process and due course of law by instructing the jury regarding good-conduct time using the partially inapplicable instruction set forth in Article 37.07, Section 4(a) of the Texas Code of Criminal Procedure.

---

[3]All citations to Article 37.07, Section 4(a) of the Texas Code of Criminal Procedure refer to the version in effect when Escobedo was sentenced on June 26, 2019. Article 37.07, Section 4(a) has since been amended, effective September 1, 2019. *See* Act approved May 28, 2019, 86th Leg., R.S., ch. 260, § 1 (H.B. 1279) (codified at Tex. Code Crim. Proc. Ann. art. 37.07, § 4).

## A. Double Jeopardy

In his first point, Escobedo argues that two of his four convictions—his convictions for aggravated sexual assault of a child by penetrating S.C.'s sexual organ with his finger and for indecency with a child by touching S.C.'s genitals—violate the federal Double Jeopardy Clause by punishing him twice for the same conduct.[4] U.S. Const. amends. V, XIV. Escobedo concedes that he failed to raise this issue before the trial court. Consequently, Escobedo can raise his unpreserved double-jeopardy claim for the first time on appeal only if (1) the undisputed facts show a double-jeopardy violation clearly apparent on the face of the record; and (2) enforcing the usual procedural-default rules serves no legitimate state interests. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *Cabral v. State*, 170 S.W.3d 761, 764 (Tex. App.—Fort Worth 2005, pet. ref'd) (mem. op.).

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, protects a defendant from, among other things, multiple punishments for the same offense. U.S. Const. amends. V, XIV; *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Bien v. State*, 550 S.W.3d 180, 184 (Tex. Crim. App. 2018), *cert. denied*, 139 S. Ct. 646 (2018); *Ex parte Benson*, 459 S.W.3d 67, 71 (Tex. Crim. App. 2015).

---

[4]Escobedo does not raise a double-jeopardy challenge under the Texas Constitution.

To determine whether two offenses are the same for double-jeopardy purposes, we first apply the "elements" test set forth in *Blockburger*, informed by the cognate-pleadings approach. *Bien*, 550 S.W.3d at 184 (referring to *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932)); *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). We then proceed to the "units" analysis to determine the legislature's intended unit of prosecution for the offenses at issue. *Stevenson v. State*, 499 S.W.3d 842, 850 (Tex. Crim. App. 2016); *Benson*, 459 S.W.3d at 73–74. The Double Jeopardy Clause is not violated if the legislature intended for the offenses to constitute separate allowable units of prosecution. *Speights v. State*, 464 S.W.3d 719, 722 (Tex. Crim. App. 2015); *Benson*, 459 S.W.3d at 73; *see also Collins v. State*, No. 02-16-00146-CR, 2017 WL 119486, at *3 (Tex. App.—Fort Worth Jan. 12, 2017, pet. ref'd) (mem. op., not designated for publication). Where, as here, "two distinct statutory provisions are at issue, the offenses must be considered the same under both an 'elements' analysis and a 'units' analysis for a double-jeopardy violation to occur." *Benson*, 459 S.W.3d at 71.

The Texas Court of Criminal Appeals has held that "indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act." *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). But when the offenses are not predicated on the same act, each discrete prohibited act is a separate unit of prosecution. *Maldonado v. State*, 461 S.W.3d 144, 150 (Tex. Crim. App. 2015). Thus, "[a] single count alleging sexual contact is not

6

subsumed by a count alleging penetration where there is evidence of multiple incidents of both contact and penetration which could have formed the basis for each count." *Id.* Moreover, "[t]he fact that the jury's verdict *could* have relied on a theory that would violate the Double Jeopardy Clause[] is not sufficient to show a constitutional 'violation clearly apparent on the face of the record.'" *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006) (quoting *Gonzalez* and holding no double-jeopardy violation on the face of the record in the context of a disjunctive jury charge); *Gonzalez,* 8 S.W.3d at 643–46 (holding no double-jeopardy violation on the face of the record in the context of a disjunctive jury charge); *see also Rodriguez v. State*, No. 02-14-00377-CR, 2015 WL 7717204, at *1 (Tex. App.—Fort Worth Nov. 25, 2015, pet. ref'd) (mem. op., not designated for publication) (quoting *Langs* and holding no double-jeopardy violation on the face of the record when defendant was convicted of aggravated sexual assault of a child by contacting the complainant's sexual organ with his sexual organ and indecency with a child by touching the complainant's sexual organ, but complainant testified to multiple occasions of touching).

Escobedo argues that the undisputed facts show a double-jeopardy violation on the face of the record because his convictions for aggravated sexual assault and for indecency by touching S.C.'s genitals were based on the same criminal act, and this indecency charge was necessarily part of the commission of his aggravated sexual assault charge. Specifically, Escobedo contends that he could not have "insert[ed] his finger into the sexual organ of [S.C.]"—thereby committing aggravated sexual

7

assault—without incidentally "touching the genitals of [S.C.]"—thereby committing indecency with a child by contact. Since both offenses were alleged to have occurred "on or about the 1st day of January 2014," Escobedo claims that the two convictions were based on the same criminal act and punish him twice for the same conduct in violation of the Double Jeopardy Clause. U.S. Const. amends. V, XIV. The State responds by arguing that Escobedo committed numerous instances of sexual touching and penetration over a six-year period, so the jury did not necessarily rely on the same, singular act for both convictions.

The question is thus whether the undisputed facts show multiple instances of Escobedo's touching S.C.'s genitals or only one instance of his touching S.C.'s genitals incident to the penetration of S.C.'s sexual organ. The record supports numerous instances of touching and penetration; therefore, no double-jeopardy violation is clearly apparent on the face of the record.

First, although Escobedo's indictment alleges the commission of both relevant offenses on the same date, "[i]t is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *see also Cabral*, 170 S.W.3d at 764 (applying same rule and citing *Sledge*). The trial court instructed the jury that "the state is not bound by the specific date . . . alleged in the indictment," and the State emphasized as much in its closing argument.

8

We thus attach no significance to the fact that the indictment alleged both offenses to have occurred "on or about" the same date.

Examining the entirety of the time period at issue, the record is replete with evidence that Escobedo touched, squeezed, fondled, and penetrated S.C.'s genitals with his finger on numerous occasions over a multi-year period. Indeed, S.C. testified that Escobedo used his fingers to touch her "everywhere"—including her "front part"—"mostly every day" when she was six to twelve years old. And S.C.'s sexual-assault nurse and forensic interviewer both testified that S.C. had reported multiple, separate instances of Escobedo's touching and penetrating her sexual organ with his finger.

In a case involving similar facts, *Maldonado v. State*,[5] the Court of Criminal Appeals found no double-jeopardy violation. 461 S.W.3d at 150. There, Maldonado was convicted of aggravated sexual assault of a child by penetrating her sexual organ

---

[5]Escobedo urges us to follow *Evans v. State* and *Ochoa v. State*, rather than *Maldonado. See Evans*, 299 S.W.3d at 139; *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). In both *Evans* and *Ochoa*, the Court of Criminal Appeals held that the defendants' double-jeopardy rights were violated by dual convictions for indecency with a child and aggravated sexual assault of a child. *Evans*, 299 S.W.3d at 139; *Ochoa*, 982 S.W.2d at 908. But in both cases, the record supported a single episode of criminal conduct on a single day. *See Evans*, 299 S.W.3d at 140 n.4 (reciting the facts of the case, in which complainant testified to a single incident while spending the night with family friends and awoke to find an intoxicated Evans with his teeth on the complainant's "private[s]"); *Ochoa*, 982 S.W.2d at 907 ("[T]he State presented evidence of only one sexual offense committed by appellant against C.O. on June 16, 1994. C.O. did not testify that appellant touched her more than one time on that day."). The record in this case contains evidence of multiple incidents of touching and penetration over the course of multiple years. *Evans* and *Ochoa* are not on point.

with his finger and indecency with a child by touching her sexual organ, both alleged to have occurred against the same complainant "on or about" the same date. *Id.* at 146. The complainant testified that Maldonado abused her between three and five times per week when she was eight to thirteen years old. *Id.* When Maldonado raised a double-jeopardy challenge, the court held that, because "there were many separate acts of both contact and penetration," and "[b]ecause the focus of sex offenses is the prohibited conduct and the legislature intended to allow separate punishments for each prohibited act, the multiple convictions do not violate the Double Jeopardy Clause." *Id.* at 150; *see also Cabral*, 170 S.W.3d at 764–65 (holding no double-jeopardy violation and that Cabral's conviction for indecency with a child by exposure was not factually subsumed within his conviction for aggravated sexual assault because, although Cabral's indictment alleged that the acts occurred on or about the same date, the complainant testified to two distinct acts of abuse on two distinct occasions).

The same rationale applies here. Because the record contains evidence of multiple, discrete instances of both touching and penetration anterior to the indictment and within the limitations period, the face of the record does not clearly indicate that Escobedo's indecency and aggravated-sexual-assault convictions were based on the same criminal act. Therefore, no double-jeopardy violation is apparent on the face of the record, and Escobedo cannot raise his double-jeopardy claim for the first time on appeal. *See Langs*, 183 S.W.3d at 687; *Gonzalez*, 8 S.W.3d at 643; *Cabral*, 170 S.W.3d at 764. We overrule Escobedo's first point.

10

## B. Jury Instruction

Escobedo next argues that the trial court violated his rights under the federal Due Process Clause and Texas Due Course of Law Clause[6] by instructing the jury regarding good-conduct time, even though he is not eligible for early release based on good-conduct time due to the nature of his offenses.[7] *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, §§ 13, 19; Tex. Code Crim. Proc. Ann. art. 42A.054(a)(7), (9); Tex. Gov't Code Ann. §§ 508.145(d), 508.149(a)(5), (8). Again, Escobedo acknowledges that he did not raise this issue at trial.

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Review of an alleged charge error is a two-step process; we first determine whether the jury

---

[6]Escobedo does not distinguish between the alleged violation of his right to due process under the United States Constitution and the alleged violation of his right to due course of law under the Texas Constitution. *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, §§ 13, 19. We treat them the same in this context. *See Luquis v. State,* 72 S.W.3d 355, 364 (Tex. Crim. App. 2002) (treating due-process and due-course-of-law challenges the same in context of similar challenge to Section 4(a) instruction, where the appellant similarly failed to distinguish between the two alleged constitutional violations); *McCambridge v. State*, 712 S.W.2d 499, 502 n.9 (Tex. Crim. App. 1986) ("Attorneys, when briefing constitutional questions, should carefully separate federal and state issues into separate grounds and provide substantive analysis or argument on each separate ground.").

[7]Escobedo further claims that he is ineligible to accumulate good-conduct time at all. But this is not the case; Escobedo can, in fact, accumulate good-conduct time. *See* Tex. Gov't Code Ann. § 498.003. Although such time cannot result in Escobedo's release on mandatory supervision, it can confer other benefits. *See Luquis,* 72 S.W.3d at 360 n.4 (discussing the accrual and benefits of good-conduct time).

instruction is erroneous, then we analyze the error for harm. *Id.* If the charge is not erroneous, our analysis ends. *Id.* Here, Escobedo cannot show error.

Generally, Article 36.14 of the Texas Code of Criminal Procedure directs a trial court to instruct the jury on "the law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14. But the jury instruction at issue was specifically required under Article 37.07, Section 4(a) of the Texas Code of Criminal Procedure. *Id.* art. 37.07, § 4(a). This provision sets out a lengthy jury instruction regarding parole and good-conduct time, and it requires trial courts to give the instruction when a defendant is being sentenced by a jury for an offense listed in Article 42A.054(a).[8] *Id.* It is undisputed that Escobedo's offenses are among those listed in Article 42A.054(a) and that the trial court instructed the jury using language nearly identical to that in Article 37.07, Section 4(a).[9] *Id.*; *see also id.* art. 42A.054(a)(7), (9).

---

[8]Until 2017, Article 42A.054(a) was codified at Section 3g, Article 42.12 of the Code of Criminal Procedure. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, §§ 1.01, 3.01, 2015 Tex. Gen. Laws 2321, 2321–65, 2395 (H.B. 2299) (eff. Jan. 1, 2017) (enacting nonsubstantive revisions of certain community-supervision laws, including the addition of Chapter 42A and repeal of Article 42.12). Consequently, the offenses listed in Article 42A.054(a) are often referred to as "3g" offenses.

[9]The trial court's punishment charge omitted the phrase "if sentenced to a term of imprisonment" from the first line of the Section 4(a) instruction; changed multiple statutory references to "the defendant" to "he"; and added the words "he is" to the second-to-last paragraph of the instruction to form the phrase " . . . might be applied to this defendant if *he is* sentenced to a term of imprisonment . . . " Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a). The Texas Court of Criminal Appeals has discouraged any deviations from the verbatim language dictated in Section 4(a). *See Luquis*, 72 S.W.3d at 363 ("There are even quotation marks around the wording of the instruction. That is at least some indication that the Legislature did not want any

In *Luquis v. State.* the Court of Criminal Appeals held that the Section 4(a) instruction is mandatory and constitutional—even when the defendant is not eligible for early release based on good-conduct time. 72 S.W.3d at 363–68. Indeed, the court recognized that "no defendant whose punishment charge properly includes the language set out in art. 37.07, § 4(a) is eligible for release on mandatory supervision" based on good-conduct time; rather, the instruction's discussion of good-conduct time is a remnant of outdated parole law.[10] *Id.* at 365 n.25. Nonetheless, a trial court is "not free to ignore [the] explicit legislative directions" in Section 4(a), and a court neither errs nor violates a defendant's rights to due process and due course of law by including the partially inapplicable Section 4(a) instruction in the jury charge. *Id.* at 363–68.

Escobedo acknowledges, as he must, that the allegedly erroneous Section 4(a) instruction was statutorily required and that the Court of Criminal Appeals rejected similar constitutional challenges to the instruction in *Luquis. Id.* at 362–68. He raises the issue to "advocate for a change or reversal in the law and to preserve the issue for further review." But we are not free to ignore on-point holdings from the Court of

creative deviations from its chosen language."). Nonetheless, Escobedo did not object to the discrepancy at trial, nor has he raised the issue on appeal.

[10]The 86th Session of the Texas Legislature amended Article 37.07 in 2019 to remove the inapplicable, challenged portions of Section 4(a) regarding good-conduct time. Act approved May 28, 2019, 86th Leg., R.S., ch. 260, § 1 (H.B. 1279) (codified at Tex. Code Crim. Proc. Ann. art. 37.07, § 4). The amendments apply to defendants sentenced on or after September 1, 2019. *Id.* §§ 2–3.

Criminal Appeals. *Knight v. State*, 504 S.W.3d 524, 532 (Tex. App.—Fort Worth 2016, pet. ref'd) (overruling similar argument regarding Article 37.07, § 4(a) and following *Luquis*); *see also Flores v. State,* No. 02-17-00114-CR, 2018 WL 1528262, at *2 n.4 (Tex. App.—Fort Worth Mar. 29, 2018, pet. ref'd) (mem. op., not designated for publication) (listing seven additional cases in which this court overruled the same argument and followed *Luquis*). Thus, in accordance with *Luquis,* we overrule Escobedo's second point.

### III. Conclusion

Having overruled both of Escobedo's points, we affirm the trial court's judgments.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 19, 2020